418 A.2d 533

**F. J. SCHINDLER EQUIPMENT COMPANY, Appellant,**

v.

**The RAYMOND COMPANY.**

Superior Court of Pennsylvania.

Argued June 25, 1979.

Filed Jan. 18, 1980.

Charles W. Craven, Philadelphia, for appellant.

Roger Wood, Philadelphia, for appellee.

Before WIEAND, ROBINSON and LOUIK, JJ.*

* Judge Donald E. Wieand is sitting by special designation. President Judge Otto P. Robinson of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge Maurice Louik of the Court of

LOUIK, Judge:

The instant case has its roots in a death case brought by Stanley and Pearl Potempa in September, 1969 against Wasserman, their son's employer, Schindler (plaintiff in the instant case), as seller of a piece of equipment alleged to have caused their son's death, and Raymond (defendant in the instant case) as designer and manufacturer of the equipment. As a result of preliminary objections filed in that case, Potempa's Complaint against Raymond was dismissed on September 20, 1973, with an order that the dismissal was "WITHOUT PREJUDICE TO THE PROPER AND TIMELY JOINDER OF THE RAYMOND CORP. BY PETITION OF A DEFENDANT." No such joinder was attempted for nearly three years and when Schindler attempted to join Raymond, preliminary objections to such joinder were sustained.

Following such action in the Potempa case, on October 28, 1977, appellant filed a Complaint in Trespass and Assumpsit "for full and complete indemnity of any verdict and/or settlement resulting in the Potempa litigation together with all costs, expenses and counsel fees in the defense of that litigation as prosecution of this litigation". Appellee filed preliminary objections asserting, inter alia, that the Complaint for indemnity failed to state a cause of action for which relief could be granted in that it was premature. The court sustained appellee's preliminary objections from which Order this appeal was taken.

It is appellant's position that while the right of an indemnitee to obtain a recovery from an indemnitor does not arise until the indemnitee has sustained a loss attributable to the indemnitor, the indemnitee still has a right to assert a claim before it has paid a judgment or settlement.

Besides being a somewhat questionable argument in terms of its logic, it is expressly refuted by the appellate Court's definition of indemnification.

Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

*Builder's Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368 (1951), p. 370 states:

> "The right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who without fault on his own part, *has been compelled, by reason of some legal obligation,* to pay damages occasioned by the initial negligence of another and for which he himself is only secondarily liable." (Emphasis added).

It is clear that before the right of indemnification arises, the indemnitor must in fact pay damages to a third party. Any action for indemnification before such payment, as in the present case, is premature.

Appellant is not prejudiced by waiting until its defense of the Potempa case is completed before filing its action for indemnity. On the other hand, appellee could be severely prejudiced in being compelled to indemnify appellant before judgment or settlement. In effect, a finding in favor of appellant would frustrate Pa.R.C.P. 2253, and the lower court's order dismissing appellant's attempt to join appellee nearly three years after the original complaint was dismissed and more than six years after the original complaint was filed.

Additionally, it may be that the appellant will prevail in the trespass action, in which case appellee will have no duty to indemnify plaintiff.

For the above reasons, we affirm.

This decision was reached following the death of ROBINSON, J.