504 A.2d 1273

NATIONAL LIBERTY LIFE INSURANCE
COMPANY, Appellee,

v.

The KLING PARTNERSHIP, Bethlehem Steel Corporation, L.F. Driscoll Company, George H. Dross Company, Inc., the Belmont Iron Works, R.H. Johnson Company, Keystone Wire and Iron Works, Inc., P.P.G. Industries, Inc., Murphy, Inc., H.F. Ortlip Company of Penna. and Wm. Anderson Company, A & R Engineering Company, Inc.

Appeal of BETHLEHEM STEEL CORPORATION.

Superior Court of Pennsylvania.

Argued Oct. 9, 1984.

Filed Feb. 6, 1986.

John H. McKeon, Jr., Philadelphia, for appellant.

Jane L. Foster, Philadelphia, for National Liberty, appellee.

Lawrence L. Robinson, Philadelphia, for Driscoll, appellee.

Before ROWLEY, McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

This appeal has been taken from two orders entered by the distinguished Judge William M. Marutani which (1) denied the motion of appellant, Bethlehem Steel Corporation, for leave to amend its answer and (2) denied the petition of appellant, defendant Bethlehem Steel Corporation, for leave to join an additional defendant.[1]

1. An order denying a petition for *nunc pro tunc* joinder of an additional party is a final order and appealable. *See Hoare v. The Bell Telephone Company of Pennsylvania*, 509 Pa. —, 500 A.2d 1112 (1985); *Koralesky v. Esther Williams Swimming Pools*, 345 Pa.Super. 95, 98 n. 1, 497 A.2d 661, 662 n. 1 (July 5, 1985).

The litigation which gave rise to the instant appeal was commenced by National Liberty Life Insurance Company in an effort to recover damages which National Liberty allegedly sustained as a result of the design and construction of its Phase I headquarters building in Frazer, Pennsylvania. The building was designed by the Kling Partnership, which specified for use in the building a weathering steel product manufactured by Bethlehem Steel and marketed under the trademark of "Mayari R." The window walls in which "Mayari R" was employed were fabricated and erected by Keystone Wire and Iron Works, Inc. (hereinafter "Keystone"), a subcontractor of the project's general contractor, the L.F. Driscoll Company (hereinafter "Driscoll"). National Liberty alleged that Kling had (a) failed to properly design the building; (b) failed to properly inspect and supervise the construction; (c) failed to specify proper methods of welding or joining the mullions and members of the window wall; and (d) breached its contractual agreement with National Liberty. National Liberty alleged that Driscoll was liable by reason of its alleged (1) failure to properly install the window walls and sunscreens; (2) failure to properly treat and handle the weathering steel; (3) failure to perform the work in a careful and workmanlike fashion; and (4) failure to properly adhere to the specifications in the contract documents. As to Bethlehem Steel, National Liberty asserted that Bethlehem Steel was likewise responsible for the damages sustained by National Liberty by reason of its (1) failure to warn of extraordinary precautions required in the use and joining of "Mayari R" members; (2) failure to adequately test and research architectural uses of "Mayari R" before promoting it for such use; and (3) failure to warn that "Mayari R" was an inappropriate material for use in the headquarters building. National Liberty also contended that "Mayari R" was unfit for the ordinary purposes for which weathering steel is used and that Bethlehem Steel had breached its express warranties as to "Mayari R."

The general contractor, Driscoll, joined a number of its subcontractors as additional defendants, including Keystone, the subcontractor responsible for the fabrication and erection of the window walls. Driscoll and Kling filed cross claims against each other and against Bethlehem Steel. Bethlehem Steel, however, filed no claims against any other defendant or additional defendant.

National Liberty learned during the course of pre-trial discovery that a substantial number of welds in the "Mayari R" window wall and sunscreen assembly had broken or cracked and that joints had failed, all of which resulted in serious structural damage to the assemblies. National Liberty commenced a separate action against the structural engineer, A & R Engineering Co., Inc. (formerly Allabach and Rennis, Inc.), on October 8, 1982, as a result of the structural damage. However, no motion to consolidate the action against A & R Engineering with the present action was made by any of the parties.

Fourteen days before trial was scheduled to commence, National Liberty entered into a settlement agreement with Kling, Driscoll, Keystone, A & R Engineering and H.F. Ortlip Company.[2] National Liberty received $1,508,000 from the settling defendants in exchange for a joint tortfeasors' release which provided, *inter alia:*

> Should it appear that persons or entities not released by the terms of this instrument are jointly or severally liable with the Releasees, in tort of otherwise, for all or portions of damages alleged by the Releasors, the damages recoverable from such other persons or entities shall be reduced in accordance with 42 Pa.C.S. § 8327 to the extent of the *pro-rata* share, if any, of such damages which the parties released hereby, except for this release, would be liable to pay.

Bethlehem sought leave of court to amend its answer as well as leave to join A & R Engineering as an additional

---

2. Kling contributed $975,000; Driscoll contributed $350,000; Keystone contributed $150,000; A & R Engineering contributed $25,000, and H.F. Ortlip Co. contributed $8,000.

defendant immediately upon learning of the settlement agreement. The distinguished Judge William M. Marutani denied both motions, noting that after *four years* of pretrial pleadings and discovery, the court was "not disposed to turn back the clock at this late stage by reopening pleadings, inviting additional motions, and new discovery, etc. involving numerous defendants with inevitable ensuing delay."

Initially, Bethlehem contends that the trial court erred in denying it leave to amend its answer in order to add cross-claims for contribution and/or indemnity against Kling, Driscoll & Keystone, the settling defendants. Bethlehem argues, *inter alia*, that cross-claims against the settling defendants are essential in order to retain those parties as defendants in the action in order to effectuate Bethlehem's right to a *pro-rata* reduction in damages among those parties which may be found to be joint tortfeasors with Bethlehem.[3]

█ The joint tortfeasor release given to the settling defendants by National Liberty provided for *pro-rata* reduction of any damages recoverable from any non-settling joint tortfeasors.[4] Thus, if Bethlehem is found to be jointly

3. Bethlehem argues in its brief that such *pro-rata* shares would be calculated solely upon the number of defendants in the action. This argument ignores the principles of primary and secondary liability applicable to joint tortfeasor releases and *pro-rata* shares. *See Jones v. Harrisburg Polyclinic Hospital,* 496 Pa. 465, 478–80, 437 A.2d 1134, 1141–1142 (1981); *Sochanski v. Sears, Roebuck & Co.,* 689 F.2d 45, 50 (3rd Cir.1982).

4. The release provided as follows:
JOINT TORTFEASOR RELEASE AND AGREEMENT
KNOW ALL MEN BY THESE PRESENTS, that National Liberty Life Insurance Company, National Liberty Corporation, National Liberty Marketing, Inc., National Home Life Assurance Company, Valley Forge Associates Inc., and each company affiliated with or having any interest whatsoever in said companies, (hereinafter referred to as the Releasors) by Donald D. Kennedy, Jr., Esquire, their authorized representative, for the consideration of One Million Five Hundred Eight Thousand ($1,508,000.00) Dollars, paid in hand as follows:

| | |
|---|---|
| The Kling Partnership | $975,000 |
| L.F. Driscoll Company | 350,000 |
| Keystone Wire and Iron Works, Inc. | 150,000 |
| Allabach & Rennis, Inc. (now known as A & R | |
| Engineering Co., Inc. | 25,000 |
| H.F. Ortlip Company of Pennsylvania | 8,000 |

the receipt of which is hereby acknowledged, do hereby release, acquit and forever discharge, The Kling Partnership, L.F. Driscoll Company, Keystone Wire and Iron Works, Inc., Allabach & Rennis, Inc. (now known as A & R Engineering Co., Inc.) and H.F. Ortlip Company of Pennsylvania, (hereinafter referred to as the Releasees), their respective officers, directors, agents, employees, insurers, predecessors in interest, successors and assigns, and their successors and assigns, of and from any and all actions, causes of action, suits, claims, demands, claims for loss of production and expenses whatsoever on account of or in any way growing out of the design and/or construction of Phase I and Phase II buildings and facilities located at Liberty Park in Frazer, Pennsylvania, including but not limited to any and all claims which were asserted or could have been asserted in the lawsuits now pending in the Court of Common Pleas of Philadelphia County, entitled National Liberty Life Insurance Company v. The Kling Partnership, et al., March Term 1983 No. 830; National Liberty Life Insurance v. L.F. Driscoll Company, et al., January Term, 1983 No. 6579; National Liberty Life Insurance Company v. Allabach & Rennis, Inc. and A. & R. Engineering Co., Inc., October Term, 1982 No. 1124, and, in addition, without limiting the foregoing, all other claims of whatever nature arising out of or related in any way to the aforesaid design and construction.

Should it appear that persons or entities not released by the terms of this instrument are jointly or severally liable with the Releasees, in tort or otherwise, for all or portions of damages alleged by the Releasors, the damages recoverable from such other persons or entities shall be reduced in accordance with 42 Pa.C.S.A. § 8327 to the extent of the pro-rata share, if any, of such damages which the parties released hereby, except for this release, would be liable to pay. It is further agreed that the Releasors will satisfy or cause to be satisfied any decree, judgment or award involving the liability of or the assessment of damages against the Releasees, their officers, directors, agents, employees, successors and assigns, and their successors and assigns, and the said satisfaction shall be for the benefit of the parties herein released and to the extent of their entire liability to the Releasors or to any other party claiming contribution or indemnity from the Releasees, their officers, directors, agents, employees insurers, predecessors in interest, successors and assigns, and their successors and assigns.

The Releasors agree to indemnify and hold harmless the Releasees, their officers, directors, agents, employees, insurers, predecessors in interest, successors and assigns, and their successors and assigns, of and from any claim for amounts sought as money damages by any other person, corporation or like entity by way of contribution, indemnification or otherwise from the Releasees arising from the design and construction of the Phase I and Phase II buildings and

liable to National Liberty with the settling defendants, Bethlehem would be entitled to have any judgment rendered against it reduced in accordance with the payments and terms of the joint tortfeasor release.[5] Thus, Bethlehem

facilities located at Liberty Park in Frazer, Pennsylvania, and from the negotiation and execution of this receipt and release, including without limiting the generality of the foregoing, all claims for contribution or indemnification which could have been asserted or may be asserted in the cases now pending in the Court of Common Pleas of Philadelphia County, specifically: National Liberty Life Insurance Company v. The Kling Partnership, et al., June Term, 1979 No. 4644; National Liberty Life Insurance Company, et al v. The Kling Partnership et al., March Term 1983, No. 830; National Liberty Life Insurance Company v. L.F. Driscoll Company, et al., January Term 1983 No. 6579; National Liberty Life Insurance Company v. Allabach & Rennis, Inc. and A & R Engineering Co., Inc., October Term, 1982 No. 1124.

In the event the Releasors enter into any agreement of settlement with any other persons or entities, including other parties in the aforesaid lawsuits, the agreement of settlement with any other persons, entities and/or parties will contain the following language:

It is hereby understood and agreed that the releasees will not institute any legal proceeding against The Kling Partnership, L.F. Driscoll Company, Keystone Wire and Iron Works, Inc., Allabach & Rennis, Inc. (now known as A & R Engineering Co., Inc.) and H.F. Ortlip Company of Pennsylvania, their successors and assigns, or any losses, expenses and/or damages which in any way arise out of the design or construction of the Phase I and Phase II buildings and facilities located at Liberty Park in Frazer, Pennsylvania.

It is understood and agreed that this Release is a compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the Releasees, by whom liability is expressly denied. This Release and accompanying Settlement Agreement contain the entire agreement between the parties hereto and the terms of this Release are contractural and not a mere recital. This Release shall not be subject to any claim of mistake of fact, and expresses a full and complete settlement of any liability claimed and denied, and regardless of the adequacy or inadequacy of the amount paid, it is intended to avoid litigation and to be final and complete.

The Releasors further agree that their authorized representative has read this Release and that no agreement, reservation, promise or inducement which is not expressed in this Release and accompanying Settlement Agreement has been made, and that in executing this Release they do not rely upon any statement or representation not made in this Release and accompanying Settlement Agreement. IN WITNESS WHEREOF, I have hereunto set my hand and seal this 14 day of April, 1983.

5. If the $1,508,000 paid by the settling defendants is less than their share of liability, then Bethlehem's obligation would be reduced by their *pro-rata* share. If the $1,508,000 is more than the settling

"does have an extremely valuable right in retaining [the settling defendants] in the case, because if the jury should find [them] to be joint tortfeasor[s], [Bethlehem's] liability to [National Liberty] would be [reduced proportionately]." *Davis v. Miller*, 385 Pa. 348, 352, 123 A.2d 422, 424 (1956). "Pennsylvania cases hold that even though he has settled with the plaintiff and obtained a *pro-rata* release, a defendant must nevertheless participate in the trial so that the jury may determine the issues of joint or sole liability. *See Davis v. Miller*, 385 Pa. 348, 123 A.2d 422 (1956)." *Slaughter v. Pennsylvania X–Ray Corp.*, 638 F.2d 639, 643–644 (3rd Cir.1981). *Accord Voyles v. Corwin*, 295 Pa.Super. 126, 128, 441 A.2d 381, 382 (1982); *Sochanski v. Sears, Roebuck & Co.*, 689 F.2d 45, 49 (3rd Cir.1982); 7 Goodrich Amram 2d § 2232(f):3. *See also Jones v. Harrisburg Polyclinic Hospital*, 496 Pa. 465, 468, 437 A.2d 1134, 1136 (1981); *Charles v. Giant Eagle Markets*, 330 Pa.Super. 76, 78, 478 A.2d 1359, 1360 (1984).

■ Cross-claims for contribution are thus unnecessary in order to retain the settling defendants as parties to the litigation for the sole purpose of determining the extent, if any, of Bethlehem's right, pursuant to the joint tortfeasor release, to a reduction in any verdict rendered against it after trial,[6] and we perceive no abuse of discretion by the

defendants *pro-rata* share, then Bethlehem is entitled to have its obligation reduced by the total amount paid by the settling defendants. *See Charles v. Giant Eagle Markets*, 330 Pa.Super. 76, 80, 478 A.2d 1359, 1361 (1984); *Mong v. Hershberger*, 200 Pa.Super. 68, 69, 186 A.2d 427, 428 (1962); 42 Pa.C.S. § 8326.

6. Bethlehem argues, in the alternative, that the release given to the settling defendants is a *Griffin* release which obviates the necessity to retain the settling defendants as parties to the action but requires a *pro-rata* reduction in any verdict rendered against Bethlehem Steel. This argument is meritless. The release given by National Liberty to the settling defendants is clearly not a *Griffin* release as liability on the part of the settling defendants was not conceded. Rather, the release provides: "It is understood and agreed that this Release is a compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the Releasees, by whom liability is expressly denied." *See and compare Castillo v. Roger Construction Company*, 560 F.2d 1146, 1152 (3rd Cir.1977); *Griffin v. United States*, 500 F.2d 1059 (3rd Cir.1974).

trial court in refusing Bethlehem leave to amend its answer to assert such claims.

■ Nor did the trial court err in refusing Bethlehem Steel leave to amend its answer on the eve of trial to include claims for indemnification. Section 8323 of the Judicial Code provides: "This subchapter does not impair any right of indemnity under existing law." 42 Pa.C.S. § 8323. It is well settled that "before any right of indemnification arises, the indemnitor must in fact pay damages to a third party." *F.J. Schindler Equipment Company v. The Raymond Company*, 274 Pa.Super. 530, 532, 418 A.2d 533, 534 (1980). *See also Burbage v. Boiler Eng. & Supply Co., Inc.*, 433 Pa. 319, 249 A.2d 563 (1969); *Burch v. Sears, Roebuck & Co.*, 320 Pa.Super. 444, 456, 467 A.2d 615, 622 (1983). Thus, any right of indemnification that Bethlehem Steel may have against the settling defendants will in no way be prejudiced by the refusal of the court to allow Bethlehem to amend its answer to include claims for indemnity.

Thus, we find no merit in the argument posed by Bethlehem Steel that the trial court erred in refusing it leave to amend its answer to include cross-claims for contribution and indemnity.

Bethlehem next argues that the trial court erred in denying its petition for leave to join A & R Engineering as an additional defendant *nunc pro tunc.*

As heretofore observed, National Liberty commenced a separate action against A & R Engineering on October 8, 1982, after it learned during pre-trial discovery of structural damage sustained by the building. Neither Bethlehem nor any other party to the instant action sought consolidation of the separate action against A & R Engineering until Bethlehem, on the eve of trial, filed the petition here reviewed.

Pa.R.Civ.P. 2253 requires that leave of court be sought, upon cause shown, to secure joinder of an additional defendant after the expiration of the sixty-day period. *See Zaki-*

*an v. Liljestrand,* 438 Pa. 249, 255, 264 A.2d 638, 641 (1970). "Whether there is 'cause shown' for the allowance of an extension of time for the joinder of an additional defendant is a matter within the discretion of the lower court, and its decision will not be reversed absent an abuse of discretion." *Kovalesky v. Esther Williams Swimming Pools,* 345 Pa.Super. 95, 104, 497 A.2d 661, 665 (1985). *Accord Zakian v. Liljestrand, supra,* 438 Pa. at 255, 264 A.2d at 641; *Farmer v. General Refractories Co.,* 271 Pa.Super. 349, 351, 413 A.2d 701, 702 (1979); *Welch Foods Inc. v. Bishopric Products Co.,* 254 Pa.Super. 256, 258, 385 A.2d 1007, 1008 (1978).

Bethlehem Steel argues that the trial court committed an abuse of discretion when it denied its petition for leave to join A & R Engineering as an additional defendant *nunc pro tunc* because joinder is essential in order for Bethlehem to realize its right to a *pro-rata* reduction in any judgment rendered against Bethlehem. Bethlehem argues that if joinder is not permitted, it will be substantially prejudiced because, as a result of the joint tortfeasor's release given to A & R Engineering, Bethlehem has lost its right to seek contribution from A & R Engineering. *See* 42 Pa.C.S. § 8327.[7]

■ We sympathize with the position of the distinguished trial judge in the instant case but believe that joinder *nunc pro tunc* of A & R Engineering as an additional defendant for the *sole* purpose of determining whether Bethlehem is entitled to a *pro-rata* reduction in any judgment against it

7. Section 8327 of the Judicial Code provides:
   **§ 8327. Liability to make contribution as affected by release**
      A release by the insured person of one joint tort-feasor does not relieve him from liability to make contribution to another tort-feasor, *unless the release is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued* and provides for a reduction to the extent of the pro rata share of the released tort-feasor of the injured person's damages recoverable against all the other tort-feasors.
   42 Pa.C.S. § 8327 (emphasis supplied).

will best serve the interests of justice under the particular circumstances of the instant case. *See and compare Matthews v. Johns-Manville Corp.*, 307 Pa.Super. 300, 304–06, 453 A.2d 362, 364–365 (1982); *Peabody v. Republic Steel Corp.*, 69 D & C2d 50 (Allegheny County, 1974); 8 Goodrich Amram 2d § 2253:3. We reach this conclusion not unmindful of the failure of Bethlehem to timely move for joinder of A & R Engineering as an additional defendant. However, Bethlehem did seek leave to join A & R Engineering immediately upon learning of the settlement which destroyed its right to institute a separate action for contribution against A & R Engineering. *See and compare Lamoree v. Penn Central Transportation Co.*, 238 Pa.Super. 380, 357 A.2d 595 (1976).

The rules pertaining to joinder of additional defendants "were an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties ... without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation." *Kovalesky v. Esther Williams Swim Pools, supra*, 345 Pa.Super. at 105, 497 A.2d at 666. Thus, we share the court's concern that any additional discovery necessitated by the late joinder of A & R Engineering would unfairly prejudice National Liberty in the prosecution of its case. We believe, however, that the trial court will exercise its discretion in order to prevent any such delay and inconvenience to the plaintiff and the settling defendants.

We, therefore, affirm the order which denied Bethlehem Steel's petition for leave to amend its answer but reverse the order of the court which denied Bethlehem leave to join A & R Engineering as an additional defendant *nunc pro tunc.*

Case remanded. Jurisdiction relinquished.