568 A.2d 190

**Jerry M. BEARY, Appellee,**

v.

**CONTAINER GENERAL CORPORATION, a Corporation, Appellant,**

v.

**EDWARDS TANK ERECTION, INC., Appellee.**

Superior Court of Pennsylvania.

Argued May 18, 1989.

Filed Dec. 1, 1989.

Reargument Denied Jan. 31, 1990.

Chester S. Fossee, Pittsburgh, for appellant.

John R. Gavin, Oil City, for Beary, appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from the trial court's denial of a Motion by the Defendant–Appellant, Container General Corporation, (hereinafter referred to as "Container") to mold a verdict. After thorough review, we find no basis for a reversal of the Order of the trial court.

This case has a long and complicated history. In September, 1976, the Plaintiff–Appellee, Jerry M. Beary, was an employee of Additional Defendant–Appellee, Edwards Tank Erection, Inc. (hereinafter referred to as "Edwards"). In the course of that employment, Beary was involved in the erection of a steel storage tank at Container's plant. On September 13, 1976, Beary suffered significant injuries in the course of that work. He instituted the instant personal injury action against Container and against Pennsylvania Electric Company, contending that they were responsible for his injuries. Edwards, the employer, was joined as an Additional Defendant in the action by Container. Container sought such joinder on the basis of an alleged contract of indemnification between Container and Edwards.

The case was first tried before a jury in October, 1981. The trial court had severed the issue of negligence from the issue of any right of indemnification between Container and Edwards. At the conclusion of that first trial, the trial court directed a verdict in favor of Container, and Plaintiff Beary filed an appeal to our Court. After consideration, our Court issued an Opinion on November 18, 1983, reversing the trial court's verdict, and remanding the matter for a new trial. *Beary v. Pennsylvania Electric Company*, 322 Pa.Super. 52, 469 A.2d 176 (1983). In that decision, our Court ruled that the indemnification issue should be severed and tried separately, after the resolution of the Plaintiff's negligence claims.

A second trial was held in November, 1984. A bifurcated procedure was followed and the issue of liability was first submitted to the jury. It rendered a verdict that Beary and Container were each equally negligent in the accident. Thereafter, the matter of damages was submitted to the

same jury. However, the trial court declared a mistrial because members of the jury had read a newspaper article in violation of the instructions of the court.

Another jury was selected which considered the issue of damages during trial proceedings in February, 1985. That jury returned a verdict in the amount of $500,000.00 in favor of the Plaintiff. The trial court molded the verdict to $250,000.00, in accordance with the apportionment of negligence by the jury which had considered the issue of liability in November, 1984. The court also ordered delay damages to be added to the verdict in favor of the Plaintiff.

Thereafter, Container filed a timely motion for post-trial relief. The trial court denied the motion approximately one year later, on March 5, 1986. An appeal was then filed to our Court by Container on April 4, 1986.

After the trial court denied Container's request for post-trial relief, Container filed a Motion for Summary Judgment against Edwards, on the severed indemnification claim. The trial court granted the Motion and entered a judgment against Edwards and in favor of Container on the indemnification issue, on May 29, 1986.

In early June, 1986, Container filed a motion to mold the verdict in favor of Beary, to take into consideration the Court's ruling on the severed indemnification claim against Edwards. As will be more fully discussed later in this Opinion, Container essentially contended that it was entitled to have the verdict molded to reflect a set-off of workers' compensation benefits paid to Beary because Edwards, Beary's employer, had been held liable to indemnify Container as a result of the injuries to the Plaintiff.

On October 1, 1987, our Court issued an Opinion in connection with the appeal which had been filed by Container. See *Beary v. Container General Corporation*, 368 Pa.Super. 61, 533 A.2d 716 (1987). The judgment of the trial court was affirmed, with some modification in the award of delay damages. Container filed an application for reargument which was denied by our Court on November

25, 1987. It thereafter filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on December 28, 1987. That Petition was subsequently denied by the Supreme Court. *Beary v. Container General Corp.*, 520 Pa. 586, 551 A.2d 213 (1988).

The motion to mold the verdict, which had been filed by Container in early June, 1986, was denied by the trial court by an Opinion and Order dated March 15, 1988, while Container's Petition for Allowance of Appeal was pending before the Supreme Court. On April 20, 1988, the trial court issued an Order providing that its March 15, 1988 Order should be effective on the date that the Supreme Court ruled on the appeal of Container which was then pending before that Court. As a result of a motion by Container, the trial court entered another Order on November 22, 1988, striking its March 15, 1988 and April 20, 1988 Orders. Instead, the court directed the Prothonotary to enter another Order on the date the Prothonotary received notice of a denial of Container's Petition for Allowance of Appeal to the Supreme Court. In fact, that notice was received on November 4, 1988, and the trial court's Order was entered bearing that date. The court again denied the Defendant's Motion to Mold the Verdict and ordered the Defendant to pay the entire sum of $250,000.00, plus appropriate delay damages as determined by our Court, and any interest as required by law. The court refused to allow any deductions to be made for any amounts received by the Plaintiff in workers' compensation benefits, which had been paid by Edwards' workers' compensation insurance carrier, Continental Insurance Company.

The instant appeal contests the trial court's Order refusing to mold the verdict in favor of the Plaintiff to allow Container credit for workers' compensation benefits paid to the Plaintiff as a result of his injuries. The Appellant relies upon a provision of the Workmen's Compensation Act which allows a right of subrogation for an employer or its workers' compensation insurance carrier from the proceeds of a recovery by the injured employee from a third

party arising out of the events leading to the work-related injury. See the Act of June 2, 1915, P.L. 736, art. III, 319, as amended, 77 P.S. 671. As noted earlier, the position of Container is that its indemnification verdict against Edwards provides grounds for its request to mold the verdict. It maintains that if Edwards is entitled to a subrogation claim against the Plaintiff, its indemnification right should require the molding of the verdict [1].

In support of its position, Appellant Container relies heavily upon the reasoning in cases such as *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940) and *McDevitt v. Terminal Warehouse Company*, 346 Pa.Super. 186, 499 A.2d 374 (1985). Such decisions were based upon the procedure and statutory provisions which were effective under the Workmen's Compensation Act prior to the amendments of December 5, 1974, which became effective February 5, 1975. See *McDevitt v. Terminal Warehouse Company, id.* Under the practice prior to February 5, 1975, a third party could join a plaintiff's employer as an additional defendant in a tort action, and might enjoy a reduction in the amount of any verdict which was to be paid to the injured employee, based upon contributing negligence of the employer, and its prior payment of workers' compensation benefits to the employee.

However, the Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. 481, which amended Section 303 of the Workmen's Compensation Act, unquestionably bars the joinder of a plaintiff's employer as an additional defendant in any action brought by its employee against a third party for injuries which may have occurred during the course of employment. *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977). Moreover, it is clear that in this action, which involves injuries which occurred after the effective date of the December 5, 1974 amendment to the Act, Container, the third party tortfeasor, must pay the full amount of the

---

1. Container's efforts to have the verdict molded in this matter are obviously motivated by the fact that Edwards has been bankrupt since 1981.

verdict to Beary, the injured employee. *Heckendorn v. Consolidated Rail Corporation,* 502 Pa. 101, 465 A.2d 609 (1983). Container's request to mold the verdict, and to reduce the amount it is to pay to the Plaintiff, is literally an attempt to revert to the procedure which existed prior to the 1974 change in the applicable law. It runs directly contrary to the procedure which has been followed under the revised statutory scheme since that time. Moreover, it would have the same practical effect as a joinder of Edwards, the employer, in the Plaintiff's action, which is obviously contrary to the intent of the 1974 amendment to Section 303.

■ Container's request to mold the verdict could also be denied on other independent grounds. It is well established that before indemnification rights accrue, the party seeking indemnification must pay the claim or verdict damages before obtaining any rights to pursue an indemnification recovery. *National Liberty Life Insurance Company v. The Kling Partnership,* 350 Pa.Super. 524, 504 A.2d 1273 (1987); *F.J. Schindler Equipment Company v. The Raymond Company,* 274 Pa.Super. 530, 418 A.2d 533 (1980). Thus, Container's purported rights as an indemnitee would not arise until it paid the entire amount of the verdict to Beary. Its claim of an indemnification right against Edwards, on which its request for a molding of the verdict was based, had never been perfected in the absence of a full payment to the Plaintiff, who was the verdict winner.

■ Another basis for denial of Container's request to mold the verdict is that the Appellant's contractual indemnification claim is against Edwards, the employer, rather than Edwards' workers' compensation insurance carrier. That carrier, rather than Edwards, paid the compensation benefits to the Plaintiff. While 319 of the Workmen's Compensation Act (77 P.S. 671) establishes subrogation rights for the "employer" [2], it has been held that such subrogation

2. Section 319, as amended provides:

entitlement inures to the insurance carrier if it was the payer of the benefits to the injured employee. *Reliance Insurance Company v. Richmond Machine Company*, 309 Pa.Super. 430, 434, fn. 4, 455 A.2d 686, 688, fn. 4 (1983); *Bumbarger v. Bumbarger*, 190 Pa.Super. 571, 155 A.2d 216 (1959). Thus, Edwards would not be the party entitled to subrogation in the instant case. Container's attempt to reduce the verdict is based upon its indemnification contract with Edwards, rather than upon any claim against Edwards' compensation carrier. Because the insurer, rather than Edwards, enjoys the subrogation right against the Plaintiff's recovery from Container, the indemnification contract between Container and the employer obviously creates no basis for a claim by Container to reduce the amount of the verdict it must pay to the Plaintiff. Moreover, the workers' compensation subrogation rights and responsibilities of both the insurance carrier and Beary may not be affected in these circumstances by any contract of indemnification which existed between Container and Edwards.

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

Therefore, we can discern no merit in the contentions by the Appellant that the trial court erred in denying the request to mold the verdict. Neither the contract of indemnification nor applicable law provide any support for the Appellant's position.

The Order of the trial court is hereby affirmed.