585 A.2d 19

**William F. McCLURE, Appellee,**

v.

**DEERLAND CORPORATION, and Peter Borowski and Marilyn Borowski, h/w and Robert Blom and Johanna Blom, h/w, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 27, 1990.

Filed Jan. 8, 1991.

Charles F. Smith, Norristown, for appellants.

Lindley M. Cowperthwait, Jr., Norristown, for appellee.

Before OLSZEWSKI, TAMILIA and HESTER, JJ.

OLSZEWSKI, Judge:

In the present case, appellants appeal from the order of the Court of Common Pleas of Montgomery County, sustaining appellee's preliminary objections to appellants' counterclaims. The roots of this action lie in the law of indemnification and its proper construction in the Commonwealth. Based upon our review of the briefs and the trial court record, we must affirm.

The factual and procedural history of the instant case span an eleven-year period. On or about April 16, 1979, an agreement for sale was executed by appellee William McClure and Thomas Rorer, as owners of Asbestos Insulating Company, and Deerland Corporation, as assignee of Peter Borowski and Robert Blom, for Deerland Corporation's purchase of Asbestos Insulating Company.

On August 8, 1979, an addendum to the agreement for sale was executed by McClure, Rorer, and Deerland Corporation, as assignee of Borowski and Blom. An installment note was executed by Deerland Corporation, Marilyn Borowski, Peter Borowski, Johanna Blom and Robert Blom (hereinafter referred to as "Deerland, et al.") (R.R. 9a). The installment note, in principal amount of $213,000.00 was given as partial payment for the purchase of 100% of the issued and outstanding common stock of Asbestos Insulating Company. On March 31, 1987, an addendum to the installment note was executed by Deerland, et al. (R.R. 11a).

The August 8, 1979 addendum to sale contained an indemnification clause which is the focus of the instant appeal. The language of the clause was as follows:

12.

(a) Sellers shall indemnify the buyer from all losses which are not exhibited in said financial statement in excess of $5,000.00. Such additional liabilities include, but are not limited to, all claims arising from creditors, suppliers, taxing authorities, employees and stockholders.

(b) As to contractual claims by customers relating to improper workmanship or defects in materials, the sellers shall indemnify the buyer against all losses, in the aggregate, which exceed Five Thousand Dollars that occur within two years after final settlement. Indemnity for all other claims shall be covered under Paragraph 12(a). (R.R. 26a–27a).

The financial statement referred to in Paragraph 12(a) is a balance sheet, dated July 31, 1979, listing the assets, liabilities and equity of Asbestos Insulating Company. (R.R. 30a).

On March 30, 1989, appellee McClure instituted suit in the Court of Common Pleas of Montgomery County against Deerland, et al. (R.R. 4a). McClure brought the action seeking to accelerate the obligation of Deerland, et al. under the terms of the March 31, 1987 addendum to the installment note. In response, on May 18, 1989, Deerland, et al. filed a three-count counterclaim against McClure.

In Count I of their counterclaim, Deerland, et al., appellants, requested that a decree of specific performance be entered directing that McClure: reimburse appellants for all funds expended in connection with suits filed against Asbestos Insulating Company; timely pay all future bills when they become due, in the defense of any actions against appellants as a result of the actions of Asbestos Insulating Company; and promptly pay any judgments entered against appellants as a result of the actions of Asbestos Insulating Company. In Counts II and III, appellants allege that they had already incurred expenses well in excess of $5,000.00,

and that attorney's fees in a multiplicity of asbestos suits exceeded $21,500.00. Appellants also alleged that McClure had misrepresented the true value of his company's stock.

On June 6, 1989, appellee filed preliminary objections to all three counts of appellants' counterclaim. On December 12, 1989, the Honorable Richard Lowe entered an order sustaining McClure's preliminary objections. Judge Lowe's order dismissed all counts of appellants' counterclaim.

Deerland, et al. filed a petition for reconsideration and clarification of order dismissing Counts I, II, and III on January 8, 1990. On January 9, 1990, Judge Lowe issued an order modifying his earlier order dated December 12, 1989. The second order sustained McClure's preliminary objections to Count I, II, and III of appellants' counterclaim. However, Deerland, et al. were granted leave to amend with more specificity Counts II and III. (R.R. 54a). Appellants subsequently filed an amended counterclaim for Counts II and III, and now appeal the dismissal of Count I.[1]

It is important to emphasize that Deerland, et al. have not suffered or paid a judgment, nor settled any of the actions from which their claims of indemnification arise. Furthermore, appellants' counterclaim lists a number of actions filed against Deerland Corporation which are alleged to have been the result of actions of Asbestos Insulating Company, but no further explanation of the basis of those suits is presented in appellants' brief.

On appeal, appellants specifically argue that the lower court improperly sustained McClure's preliminary objections to Count I of appellants' counterclaim. In addition,

1. Before proceeding, we note that in allowing the instant appeal, we have applied the flexible standard of *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983), which held: "Certain orders which have not put a litigant literally out of court or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable immediately because the effect of the order has been to preclude the litigant from asserting the cause of action alleged." *Id.* 459 A.2d at 1258–1259. In the case at bar, Count I of the counterclaim seeks specific performance of an indemnification clause. The order of January 9, 1990 effectively put appellant out of court indefinitely until all underlying claims are resolved. We therefore proceed to analyze the case on its merits.

appellants argue that they are entitled to a decree of specific performance directing that appellee McClure: reimburse appellants for all funds expended in connection with suits filed against Asbestos Insulating Company or against appellants as a result of the acts of Asbestos Insulating Company; timely pay all future bills when they become due in defense of any action against appellants as a result of the acts of Asbestos Insulating Company; and, promptly pay any judgments entered against appellants as a result of the acts or omissions of Asbestos Insulating Company. According to appellants, by sustaining McClure's preliminary objections, the lower court has precluded Deerland, et al. from litigating these issues.

■ In response, appellee argues that although claims for counsel fees and expenses may follow a claim for indemnification under certain circumstances,[2] the indemnitee must be able to establish the underlying right to indemnification. Such a right includes the legal issue of the scope of the indemnification agreement; the nature of the underlying claim; its coverage by the indemnification agreement; the reasonableness of the alleged expenses; and, where the underlying action is settled rather than resolved by payment of a judgment, the validity of the underlying claim and the reasonableness of the settlement. *Martinique Shoes Inc. v. New York Progressive Wood Heel Company*, 207 Pa.Super. 404, 217 A.2d 781 (1966). Thus, appellee argues that since none of the foregoing matters are known or could be known, appellants' claim for indemnification is premature. Furthermore, according to appellee, appellants' claim is not cognizable in equity. Instead, if there is a claim at all, it is only cognizable in law in a suit for damages. We must agree with appellee's argument.

■ Careful review of the record reveals that Judge Lowe correctly ruled that appellants' claims for indemnifica-

2. *E.g.*, as penalty for dilatory, obdurate or vexatious conduct of the opponent, pursuant to 42 Pa.C.S.A. § 2503(6), (7), (9). Such taxable costs are generally incident only to a final judgment. 25 Standard Pa.Practice 2d § 127:3.

tion are premature until they make payment of an underlying claim by settlement or judgment, because counsel fees and expenses cannot be determined to be either necessary or reasonable until the right to indemnification arises by payment of a judgment or settlement. Here, appellants assert that the ruling of the lower court precludes them from litigating their rights to indemnification. (Brief for appellants at 9, 14). There is no authority in support of their position.

■ Claims for indemnification arise only when the party seeking indemnity has made a payment on the underlying claim. Appellants' claims are premature. Furthermore, the appropriateness and reasonableness of the counsel fees and costs allegedly incurred to date cannot be determined until the underlying actions are resolved.

In effect, appellants challenge a central principle of law: "It is clear that before the right of indemnification arises, the indemnitor must in fact pay damages to a third party. Any action for indemnification before such payment, as in the present case, is premature." *F.J. Schindler Equipment Company v. Raymond Company*, 274 Pa.Super. 530, 532, 418 A.2d 533, 534 (1980). The *Schindler* Court also stated the corollary to the preceding rule of law: "Additionally, it may be that the appellant will prevail in the trespass action, in which case appellee will have no duty to indemnify plaintiff." *Id.*

In *Schindler*, appellant argued that while the right of an indemnitee to obtain a recovery from an indemnitor does not arise until the indemnitee has sustained a loss attributable to the indemnitor, indemnitee still has a right to assert a claim before it has actually paid a judgment or settlement. This Honorable Court clearly found appellant's argument to be questionable.

■ Under Pennsylvania law, actual payment, and not just a verdict or judgment, is required. *Beary v. Container General Corporation*, 390 Pa.Super. 53, 59, 568 A.2d 190, 193 (1989). Because the right to indemnification does

not arise until payment is made, the party seeking indemnity is not prejudiced by being denied the pursuit of any claim prior to that time. *National Liberty Life Insurance Company v. Kling Partnership*, 350 Pa.Super. 524, 504 A.2d 1273 (1986). Thus, contrary to the assertions of appellants in the case at bar, they have neither a matured right to indemnification, nor a justifiable claim of prejudice.

■ We find further support for the lower court decision in the instant case by considering what must be proven to establish a right to indemnification. If an underlying case proceeds to trial, verdict, judgment, and payment, the party seeking indemnification must establish that the claim is within the coverage of the agreement, and that any counsel fees were reasonable. If the case is resolved by settlement, the party must also establish the reasonableness of the settlement and that the underlying claim was indeed valid against it. *Martinique Shoes, Inc. v. New York Progressive Wood Heel Company*, 207 Pa.Super. 404, 217 A.2d 781 (1966).

■ In the instant case, the underlying actions are not resolved or settled, and therefore, it is impossible to determine the basis of the claims, and whether they are within the scope of the indemnity clause. If, within either Paragraph (a) or Paragraph (b) of the indemnity provision, it would remain to be determined whether some or all claims are within the paragraph which purports to be continuing for all time [a], or the one which is valid only for claims made within two years of settlement on the agreement [b]. Until the underlying actions are resolved and judgments or settlements paid, it is also impossible to determine the reasonableness and appropriateness of any settlement, or the payment of counsel fees and costs. Under current law, the mere expenditure of counsel fees does not constitute the accrual of a cause of action for indemnification.

■ Furthermore, if and when appellants' cause of action accrues, their remedy is an action at law for damages, rather than an action in equity. Under Pennsylvania

234

law, a claim for recovery under an indemnification agreement is an action for breach of contract over which equity lacks jurisdiction. *Allegheny Plastics, Inc. v. Stuyvesant Insurance Company,* 414 Pa. 381, 200 A.2d 775 (1964). Any such action must be certified to the law side of the court.

Appellants cite the case of *United Bonding Insurance Company v. Stein,* 273 F.Supp. 929 (E.D.Pa.1967), for the proposition that agreements to indemnify may be enforced specifically. A careful reading of *United Bonding* reveals that it did not involve an ultimate right to indemnification, but rather a then-existing right to require a reserve for claims to be immediately posted and held as collateral. The *United Bonding* contract was not a contract to indemnify against actual loss, and is therefore distinguishable from the case at bar.

In conclusion, we find that appellants have no current right to indemnification. Moreover, if such a right does arise in the future, the cause of action must be for damages and not for specific performance. Order affirmed.