# Ferraro v. Turner Construction Company

*Robert J. Mongeluzzi, Andrew R. Duffy, Robert W. Zimmerman* and *Jeffrey P. Goodman,* for plaintiff.

*Joseph W. Gibley* and *Pamela J. Devine,* for defendant Turner Construction Company.

*Joseph M. DeMarco,* for defendant Lift, Inc.

*Jane A. North, Matthew J. Junk* and *Francis J. Deasey,* for defendant Perrotto Builders, Ltd.

*Jonathan D. Herbst,* for additional defendant Riegel Engineering, Inc.

*Joseph Connor* and *Sharon F. Harvey,* for additional defendant Gallen Insurance Inc.

MASSIAH-JACKSON, *J.,* May 13, 2013—

# I. FACTUAL BACKGROUND and PROCEDURAL HISTORY

In 2008, the Reading School District was building a new Intermediate High School. Turner Construction Company was the construction manager. Perrotto Builders, Ltd. ("Perrotto") was the general contractor on the project. Riegel Engineering, Inc. ("Reigel") was responsible to furnish and install structural steel at the high school project.

On October 30, 2008, Ralph Ferraro, an employee of Riegel, was working with two other men inside a five story stairway tower. He was standing on a scissor lift platform installing steel stairways in the tower. When Mr. Ferraro attempted to secure a 300 pound steel staircase stringer, he lost his balance and fell 30 feet to the ground, causing him to suffer catastrophic injuries.

In August, 2010, Mr. Ferraro initiated this civil action against Turner Construction Company, Lift, Inc., and Perrotto. Thereafter, Perrotto filed a joinder complaint against Mr. Ferraro's employer, Riegel Engineering, Inc.

In 2012, after discovery was closed Perrotto Builders, Ltd. filed a motion for summary judgment against additional defendant Riegel Engineering, Inc. seeking judgment as a matter of law stating, inter alia, that Riegel is contractually mandated to defend, indemnify and hold harmless Perrotto, based on their sub-contract agreement. Riegel opposed the motion.

The sub-contract agreement states in pertinent part:

"SUB-CONTRACT AGREEMENT

AGREEMENT made as of the 31st day of December in the year 2007.

BETWEEN the Contractor: Perrotto Builders, Ltd. and the Subcontractor: Riegel Engineering, Inc.

The Project: Reading Citadel Intermediate high school Areas A & B The Owner: The Reading School District

11. INDEMNITY. To the fullest extent permitted by law, *the Subcontractor shall indemnify and hold harmless the Owner, the Architect and the Contractor and all of their agents and employees from and against all claims, damages, losses and expenses, including but not limited to the attorney's fees, arising out of or resulting from the performance of the Subcontractor's work under the Subcontractor* including faulty or defective materials and workmanship of the Subcontractor, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease, or death or injury to or destruction of tangible property including the loss of use resulting therefrom, *to the extent caused in whole or in part by any negligent or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder. The Subcontractor also agrees to indemnify Contractor from liability for Contractor's negligence, which results in harm to Subcontractor's employees.* The Subcontractor's obligation under this section shall not be limited in any way by any limitations from the amount or type of damages, compensation or benefits payable by or for the subcontractor under Workers' Compensation acts, disability benefit acts or other

employee benefit acts. (emphasis added)

While Riegel appeared to concede that indemnity is owed when it, as the subcontractor, was negligent, Riegel opposed summary judgment on the basis that the indemnity paragraph was "legally insufficient to require that Perrotto Builders be indemnified for its own negligence." Riegel memorandum, unpaged.

This court considered the memoranda filed by the parties, and Pennsylvania's "Perry-Ruzzi" rule which requires clear, specific and express language in the terms of the agreement to support indemnification by an indemnitee which is itself negligent. See generally, *Ruzzi v. Butler Petroleum Co.*, 588 A.2d 1 (Pa. 1991); *Bethlehem Steel Corporation v. MATX, Inc.*, 703 A.2d 39 (Pa. Superior Ct. 1997); *Snare v. Ebensburg Power Company*, 637 A.2d 296 (Pa. Superior Ct. 1993); *Hackman v. Moyer Packing*, 621 A.2d 166 (Pa. Superior Ct. 1993).

Paragraph 11 of Perrotto-Riegel agreement expressly stated that Riegel shall indemnify for harm it caused to others:

". . . . to the extent caused in whole or in part by any negligent or omission of [Riegel] or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder"

That paragraph goes even further than the agreement presented in *Greer v. City of Philadelphia*, 795 A.2d 376 (Pa. 2000), because Riegel also expressly agreed to indemnify Perrotto for harm caused by Perrotto to Riegel's employees:

"[Riegel] also agrees to indemnify [Perrotto] from liability for [Perrotto's] negligence which results in harm to [Mr. Ferraro]."

This court recognized, however, that before there has been actual payment of damages a claim for indemnity is premature. See generally, *Kelly v. Thackray Crane Rental, Inc.*, 874 A.2d 649 (Pa. Superior Ct. 2005), affirming grant of summary judgment since all necessary facts of indemnity determination had not been set forth, "because Kelly's claims against Driscroll were still pending"; *McClure v. Deerland Corporation.*, 585 A.2d 19 (Pa. Superior Ct. 1991), claims for indemnification arise only when the party seeking indemnity has made payment on the underlying claim; *Beary v. Container General Corp.*, 568 A.2d 190 (Pa. Superior Ct. 1989), the party seeking indemnification must pay the claim or verdict damages before obtaining any rights to pursue an indemnification recovery; *Schindler Equipment Company v. Raymond Company*, 418 A.2d 533 (Pa. Superior Ct. 1980), an action for indemnification before payment of damages is premature.

On July 2, 2012, an order was filed:

"AND NOW, this 2nd day of July, 2012, upon consideration of the motion for summary judgment of the Defendant, Perrotto Builders, Ltd., on its claim for indemnity against Riegel Engineering, Inc., it is hereby ordered that said motion is Granted in Part and Denied in Part. Perrotto is entitled to be indemnified by Riegel as per express terms of subcontract. However, the right to pursue indemnification is contingent upon the outcome of the underlying claims.

By the Court:

Massiah-Jackson, J."

Prior to trial, Mr. Ferraro resolved his claims against Turner Construction Company and Lift, Inc. On December 3, 2012, after jury selection and opening statements, plaintiff- Ferraro entered into a settlement with Perrotto Builders. Thus, Perrotto's right to recover indemnity from Riegel became ripe for decision.

Phase II of this litigation commenced when a new jury was selected by counsel for Perrotto and Riegel on December 4, 2012. After two days of trial, the jury rendered a verdict finding that Perrotto's negligence was a factual cause of harm to Mr. Ferraro, that Perrotto's settlement with Mr. Ferraro was reasonable, and, that the attorneys fees spent in defense of Perrotto were reasonable. The jury also determined that Riegel's negligence was a factual cause of harm to Mr. Ferraro.

Riegel filed a motion for post-trial relief. Counsel and the court coordinated a briefing schedule. Oral argument was held on April 29, 2013. For all the reasons set forth herein, Riegel's motion for post-trial relief is denied.

## II. LEGAL DISCUSSION

A. Judgment Notwithstanding the Verdict (JNOV) Is Not Appropriate Because Perrotto Established That It Is Entitled To Indemnification.

In order to establish the claim for indemnification when an underlying case is resolved by settlement, the party seeking indemnification must demonstrate that the underlying claim was valid against it; that the settlement

was reasonable; and, that any counsel fees were reasonable. *County of Delaware v. J.P. Mascaro & Sons, Inc.*, 830 A.2d 587, 593 (Pa. Superior Ct. 2003); *McClure v. Deerland Corporation*, 585 A.2d 19, 23 (Pa. Superior Ct. 1991).

In *Martinique Shoes, Inc. v. New York Progressive Wood Heel Company*, 217 A.2d 781 (Pa. Superior Ct. 1966), the Superior Court stated at 783:

"In *Tugboat Indian Company v. A/S Ivarans Rederi*, 334 Pa. 15, 21, 5 A.2d 153, 156 (1939), our Supreme Court said, "To recover indemnity where there has been such a voluntary payment, however, it must appear that the party paying was *himself legally liable* and could have been compelled to satisfy the claim.' This rule is more strict than that found in *18 P.L.E., Indemnity, § 11*, relied on by the lower court, 'Where a claim against the indemnitee has been satisfied by a voluntary settlement, the burden is upon the indemnitee to prove that the settlement was reasonable, or, in lieu thereof, to prove the actionable facts.' The general rule as stated in 42 C.J.S., Indemnity, § 25, is, 'Thus, while a person who is liable for injuries caused by the negligence or wrongful act of another may adjust and pay the claim therefor and need not wait the result of a suit in order to be entitled to indemnity from the wrongdoer, the amount claimed must be reasonable and just, and the payment must have been made in good faith, after notice to the indemnitor; *and a person so paying assumes the risk, in an action against the wrongdoer for indemnity, of being able to prove the actionable facts on which his liability depends as well as the reasonableness of the amount which he pays.' Tugboat Indian Company v.*

*A/S Ivarans Rederi, supra. See also Pittsburgh Steel Company v. Patterson-Emerson-Comstock, Inc.*, 404 Pa. 53, 171 A.2d 185 (1961), where this practice was followed, and *Lehigh Valley R. Co. v. Hertz*, 38 Luzerne L.R.R. 5 (1944)." (Emphasis in original)

In order to be entitled to indemnification, it was not sufficient for Perrotto to simply settle its litigation with Mr. Ferraro if it did not have a legal obligation to pay. For example, in *Willard v. Interpool, Ltd.*, 758 A.2d 684 (Pa. Superior Ct. 2001), the appellate court determined that because the party making the settlement payment was not able to establish its liability in the underlying case then it was not entitled to recover.

Perrotto's burden of proof was to show that Mr. Ferraro's claim was valid in the underlying case, that is, "the actionable facts on which its liability depends." Perrotto presented Robert Mongeluzzi, Esquire, Mr. Ferraro's attorney, who provided the jury with the background of the construction case. He articulated the plaintiff's legal theories relating to the law, the contract, and the custom and practice in the industry. Dec. 5, 2012, A.M., N.T. 129-136. Perrotto also called its superintendent on the job, Mr. Ross Radwanski, who stated that neither Perrotto nor Riegel ever coordinated a job hazard analysis in anticipation of the iron workers responsibilities. Dec. 5, 2012, P.M., N.T. 14-16. Mr. Radwanski was unaware that the scissors lift truck was being used improperly as a work platform by Mr. Ferraro. Dec. 5, 2012, P.M., N.T. 17-20. Mr. Radwanski explained to the jury that after Mr. Ferraro's accident, Perrotto and Riegel prepared and implemented new guidelines for the work site so that no

one else would be injured. Dec. 5, 2012, P.M., N.T. 35-39.

The phase II trial jury saw the video testimony of Richard Hilsop, an expert in construction site safety. Mr. Hilsop opined to a reasonable degree of professional certainty that Perrotto Builders breached its standard of care, *inter alia,* by failing to fulfill its contractual obligations for safety, by failing the OSHA standards for safety, and by failing to monitor or enforce oversight and safety compliance among the workers. Video, N.T. 36-37. Mr. Hilsop opined that Perrotto's lack of due care "absolutely" caused or contributed to Mr. Ferraro's accident. Video, N.T. 38-42, 55-56. When considering all of the above and more, Perrotto did present sufficient evidence to establish that Mr. Ferraro's underlying claim against it was valid.

Riegel's post-trial argument that Perrotto must prove to an absolute certainty what the jury in the underlying case would have done without an actual jury verdict is a legal fiction. The phase II trial established the "actionable facts" upon which Perrotto's liability was based. The phase II jury did not and could not assess causal negligence of co-defendants Turner Construction Company or Lift, Inc. The phase II jury did not assess Mr. Ferraro's comparative negligence. The phase II jury did hear testimony that juries can surprise litigants when the verdict is rendered. The jury in the underlying case would have been free to believe all or part or none of Mr. Ferraro's claims. Riegel Engineering did not present any expert witnesses or fact witnesses to challenge or dispute Mr. Ferraro's tort claims. Riegel Engineering did not present any witnesses to contradict Perrotto's negligent causation of the construction accident. Perrotto met its burden of proof

to establish the basis of its liability in the underlying tort action. JNOV is not warranted.

B. Riegel is Not Entitled to a New Phase II Trial.

A trial court has broad discretion to grant or deny a new trial. See, e.g., *Criswell v. King*, 834 A.2d 505, 512 (Pa. 2003), a new trial based on weight of the evidence only "in truly extraordinary circumstances"; *Armbruster v. Horowitz, D.D.S.*, 831 A.2d 698, 703 (Pa. 2000), a new trial only when the verdict shock one's sense of justice; *Gunn v. Grossman, M.D.*, 748 A.2d 1235, 1243 (Pa. Superior Ct. 2000), to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful to the complaining litigant. In reviewing evidentiary challenges, this post-trial court will consider whether Riegel has demonstrated the rulings were erroneous, and then whether the error, if any, prejudiced Riegel.

Riegel asserts that it was error for the jury to hear evidence of negligence by Riegel and also respond to those jury interrogatories on the verdict sheet. Dec. 6, 2012, A.M., N.T. 6-7; 16-36. This court does not agree. The purpose of the phase II Trial was to litigate Perrotto's joinder complaint and to determine whether it could secure indemnification under the indemnity paragraph of the subcontractor agreement.

The definition of indemnification was agreed upon by the parties, at Dec. 5, 2012, A.M., N.T. 117:

"Indemnification occurs when a party is compelled by law or contract, to reimburse another party for monetary payments it has made."

The contractual indemnification paragraph provides two machanisms for reimbursement to Perrotto for monetary payments it made to Mr. Ferraro. *First,* if Riegel was causally negligent. *Second,* if Perrotto itself was causally negligent for Mr. Ferraro's harm.

In this litigation, Riegel's causal negligence could not have been decided in the underlying case due to the Workers' Compensation Act, 77 P.S. § 481(a). Mr. Ferraro was a Riegel employee. The only way to reach a determination of Riegel's negligence was through this phase II trial. Similarly, because of the settlement in the underlying case, the only way to reach a determination of Perrotto's negligence was through this phase II trial. The verdict rendered, finding Perrotto causally negligent and Riegel causally negligent is supported by all of the evidence presented.

The notion set forth at page 9 of Riegel's post-trial brief, that the July 2, 2012 order somehow limits Perrotto's right to indemnification solely to the second alternative (Perrotto's own causal negligence) is unfounded. Neither the motion for summary judgment nor the response in opposition to the motion challenged or addressed the first mechanism — permitting Perrotto to recover indemnification when Riegel is liable in whole or in part. The sole pre-trial issue presented was whether the clear and unequivocal language in the indemnification paragraph included a provision that covered losses due to the indemnitee's own negligence.

Riegel's related argument that the jury should have apportioned its percentage of causal negligence is not the law nor is it part of the contractual agreement. So long as Perrotto has been deemed liable, then the subcontractor

agreed to indemnify the contractor from liability for the contractor's negligence where as here the harm was caused in whole or in part by Riegel. *See, Deskiewicz v. Zenith Radio Corporation,* 561 A.2d 33 (Pa. Superior Ct. 1989).

Next, Riegel contends that it was error for an expert witness who is a lawyer to express an opinion about Perrotto's exposure to liability in the underlying case. This contention is baseless. Joseph Gibley, Esquire, has been an attorney since 1988. He has developed a specialty as defense counsel in personal injury matters involving construction and heavy highway accidents. He serves as an arbitrator with the federal courts and with the court of common pleas as a Judge Pro Tem. He has also worked as a private arbitrator. He was presented by Perrotto as an eminently qualified expert on valuating liability, reasonableness of settlements and reasonableness of attorneys fees when defending construction litigation action. Dec. 6, 2012, A.M., N.T. 61-68.

Rule of Evidence 702 states that when technical knowledge "beyond that possessed by a layperson will assist the trier of fact" then a qualified expert may testify. In this case, the jurors were expected to understand the factors which are considered by parties and counsel when making a decision to settle a case — a complex construction accident. See also, Bernstein, 2012 Pa. Rules of Evidence, Pa. R.E. 702 (Gann). It would have been error for the jurors to engage in speculation about the likelihood of Perrotto's liability. The expert assisted the triers of fact to evaluate and valuate the liability of Perrotto and reasonableness of the settlement. See, *County of Delaware v. J.P. Mascaro &*

*Sons, Inc., supra,* 830 A.2d at 593-594, where the County Solicitor testified.

In *Martinique Shoes, Inc. v. New York Progressive Wood Heel Co., supra,* the Superior Court held that in the case of settlements, arguments or opinion by counsel for the indemnitee (Perrotto) is not sufficient to establish liability. *In Ridgeway Court, Inc. v. Caravan Insurance Associates,* 502 A.2d 684 (Pa. Superior Ct. 1985), the Superior Court held that where the underlying case settled and there was no record to establish liability, the phase II trial required non-hearsay proof of liability. The appellate court held that the indemnitor must have an opportunity to challenge the facts which resulted in the settlement. 502 A.2d at 687. Riegel did have a full and fair opportunity to vigorously cross-examine Mr. Gibley. Dec. 6, 2012, A.M., N.T. 100-156; 160-161.

Riegel also asserts that the trial court should have instructed the jury that if Perrotto settled with Mr. Ferraro simply to avoid a trial then Perrotto was not entitled to be reimbursed for its voluntary payment. A trial court is not obligated to instruct a jury on legal principles which have no applicability to the facts presented. In the absence of any showing of a relationship between the requested charge and the evidence at trial, the trial court decision was appropriate. *Commonwealth v. Tervalon,* 345 A.2d 671 (Pa. 1975).

Finally, Riegel claims as error jury instructions which are "contradictory and misleading." Riegel is unable to point to any place in the trial record where this objection was made. At no time during the charging conference on December 6, 2012, did counsel object to the instructions

on the verdict sheet. No challenge was expressed that the verdict sheet was "inconsistent" with the court's charge to the jury. Nor was there any objection raised to the order of the interrogatories on the verdict sheet — that the jury was asked to consider Perrotto's negligence (Questions 1 and 2) before they considered Riegel's negligence (Questions 3 and 4). Counsel and the court discussed the draft of the verdict sheet before it was typed. Dec. 6, 2012, A.M., N.T. 48-57. Riegel made no timely or specific objection to the format of the verdict sheet. *Harmen v. Borah*, 765 A.2d 1116 (Pa. 2000); *Hinkson v. Commonwealth*, 871 A.2d 301, 303 (Commonwealth Ct. 2005).

## III. CONCLUSION

For all of the reasons set forth above the motions for post-trial relief filed by Riegel Engineering, Inc. are denied. The record supports the jury verdict that Perrotto Builders, Ltd. was liable to Ralph Ferraro, that Perrotto's settlement was reasonable and that Perrotto is entitled to attorneys fees and costs.

## JUDGMENT ORDER

And now, this 13th day of May, 2013, Judgment is entered in favor of Perrotto Builders, Ltd. and against Riegel Engineering, Inc. on Perrotto Builders, Ltd.'s indemnification claim in the amount of One Million Dollars ($1,000,000.00) as the amount paid in settlement of the claim of *Ralph Ferraro vs. Perrotto Builders, Ltd.*, et al., and

Judgment is entered in favor of Perrotto Builders, Ltd., and against Riegel Engineering, Inc., in the amount of One Hundred Seventy Seven Thousand Two Hundred

438

Seventy Two Dollars and Seven Cents ($177,272.07) as the attorneys fees and expenses incurred by Perrotto Builders, Ltd. in defense of the claim of *Ralph Ferraro vs. Perrotto Builders, Ltd., et al.*