641 A.2d 315

FOX PARK CORPORATION, General Interiors Construction Company, Inc., Herbert Holland and Annie Holland,

v.

JAMES LEASING CORP., Formerly Known As James Flowers, Inc., Frankford Concrete Company, Inc., Standard Builders, Inc., The Peltz Company, Reliance Security Service Inc., and Bach Security Systems, Inc.,

v.

ROBINSON ALARM COMPANY, Ivan Blitz t/a Ivan Blitz Group, Steven J. Helzner, P.E.

LIONEL LEISURE, INC., d/b/a Kiddie City,

v.

JAMES LEASING CORP., Formerly Known As James Flowers, Inc., Frankford Concrete Co., Inc., Fire Protection Inc., Reliance Security Systems, Inc., and Bach Security Systems, Inc.

v.

FOX PARK CORPORATION, Carpet Warehouse, Inc., Morton Floor Covering Co., Robinson Alarm Co., Ivan Blitz, t/a The Blitz Group, Steven J. Helzner, P.C.

LIONEL LEISURE, INC., d/b/a Kiddie City,

v.

Ivan BLITZ t/a The Blitz Group and Steven J. Helzner,

v.

JAMES LEASING CORP., Formerly Known As James Flowers, Inc., Frankford Concrete Company, Inc., Standard Builders, Inc., Peltz Fire Protection Inc. a/k/a The Peltz Company, Reliance Security Service, Inc., Bach Security Systems, Inc., Robinson Alarm Company and Fox Park Corporation,

MERION FIRE COMPANY OF ARDMORE,

v.

FOX PARK CORPORATION, Lionel Leisure Inc., James Leasing Corp., Formerly Known As James Flowers Inc., Frankford Concrete Company Inc., Standard Builders Inc., The Peltz Company, Reliance Security Service Inc., Bach Security Systems Inc., Carpet Warehouse Outlet Inc., Ivan Blitz, Individually and t/a The Blitz Group, Stephen J. Helzner, Robinson Alarm Company,

v.

BOAS BOX COMPANY.

BOAS BOX COMPANY,

v.

JAMES LEASING CORP., Formerly Known As James Flowers Inc., Frankford Concrete Company Inc., Standard Builders Inc., The Peltz Company and Peltz Fire Protection Inc., Reliance Security Service Inc., Bach Security Systems Inc., Ivan Blitz, i/t/a The Blitz Group, Steven J. Helzner, P.E., Morton Floor Covering Company, Inc.,

v.

ROBINSON ALARM COMPANY, Fox Park Corporation.

MORTON FLOOR COVERING CO., INC.
d/b/a Carpet Warehouse Outlet

v.

JAMES LEASING CORP., f/k/a James Flowers Inc., Frankford Concrete Company Inc., Standard Builders Inc., The Peltz Fire Protection Company, Reliance Security Service Inc., Bach Security Service Inc., Ivan Blitz t/a The Blitz Group, Steven Helzner, P.E., Fox Park Corporation.

COMMERCIAL UNION INSURANCE COMPANY as subrogee of Eleanor Dolan and Eleanor Dolan as Executrix of the Estate of John Dolan, t/a Dolan Electric,

v.

FOX PARK CORPORATION, James Leasing Corp. Formerly Known As James Flowers Inc., Frankford Concrete Company, Standard Builders Inc., Peltz Fire Protection Inc., Reliance Security Service Inc., Bach Security Systems Inc., Lionel Leisure Corp., t/a C.T. Corporation, Carpet Warehouse Inc., Morton Floor Covering Co., Robinson Alarm Company, Ivan Blitz t/a Ivan Blitz Group, Steven J. Helzner, P.E.

Appeal of ROBINSON ALARM COMPANY.

Superior Court of Pennsylvania.

Submitted March 21, 1994.

Filed May 3, 1994.

Nancy Campbell, Ardmore, for appellant.

Elaine M. Rinaldi, Philadelphia, for Fox Park and General Interiors, appellees.

Rochelle M. Fedullo, Philadelphia, for Peltz, appellee.

Leonard R. McMonigle, Jr., Philadelphia, for Reliance, appellee.

Andrew N. Schwartz, Philadelphia, for Blitz, appellee.

Saul H. Krenzel, Philadelphia, for Merion Fire, appellee.

Angelo L. Scaricamazza, Jr., Philadelphia, C.T. Corp., appellee.

Richard S. March, John C. Farrell and Edwin L. Scherlis, Philadelphia, for Boas Box, appellee.

Harry J. Sher, Philadelphia, for participating party.

Before ROWLEY, President Judge, and OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

It is rare that a party appeals a trial court decision absolving it from liability. The Robinson Alarm Company, however, asks us to find it negligent and liable for certain damages caused by a fire in the Fox Park Complex of Ardmore, Pennsylvania. Robinson makes this strange request because it has already settled claims against it, and now seeks reimbursement from Fox Park Corporation, pursuant to their contract in which Fox Park agreed to indemnify Robinson Alarm for the latter's negligence.

Fox Park owns the Fox Park Complex, a building with a number of commercial tenants. The building had an automatic sprinkler system installed. Fox Park engaged Robinson Alarm to install, maintain and operate a signaling system, which monitored and responded to fluctuations in the sprinkler system's water supply, and performed other alarming functions. The sprinkler monitoring system required water in the sprinkler's pipes to operate—it could not function if the sprinkler system was dry.

In April of 1988, Fox Park began renovations on its building, hiring Standard Builders as general contractor. By October, Standard had subbed out the excavation work to Frankford Concrete, which in turn hired James Flowers, Inc. to remove some concrete footers with a backhoe and piston ram. Although the excavators should have known the location of all utility lines, the backhoe struck and ruptured the building's water main. Water had to be shut off, rendering both the sprinkler system and Robinson's alarm system inoperable.

As fate would have it, a fire broke out a few days later. With the sprinkler system down, it caused much damage. Fox Park sued the various contractors and subcontractors; the building's tenants joined in the litigation fiesta. Soon every entity involved was suing or being sued by someone else. Two of the building's tenants, Lionel Leisure and Morton Floor Covering, had sued The Peltz Company, which was responsible for sprinkler repair. Peltz decided to join Robinson Alarm as an additional defendant before the two-year statute of limitations ran in Lionel Leisure's case; in the Morton Floor Covering case, Peltz joined Robinson after the statute ran. By late 1990, the myriad lawsuits were consolidated for discovery and trial.

Robinson Alarm was not responsible for the sprinkler system, and nobody ever faulted its alarm system, which relied on a hydrated sprinkler system to be functional. Rather, Robinson happened to have a copy of the utility plan showing the location of the underground water main; if Robinson had produced this plan, perhaps the main never would have been ruptured and the fire would have caused minimal damage.

But Robinson was never found to be negligent for failing to produce the plan, because it settled before trial with Lionel Leisure for $145,000 and with Morton Floors for $48,000. The issue of Robinson's hypothetical liability never went to the jury. Hence, the record does not reveal if Robinson was under any duty to produce its copy of the utility plan, or even if it was asked to do so.

The jury eventually returned a verdict apportioning liability between Fox Park and Standard Builders. At the post-trial motions' hearing, Robinson Alarm sought indemnification under its contract with Fox Park for the settlement money it paid to escape this litigation. The trial court denied Robinson's motion, ruling that the indemnification clause in Robinson's contract with Fox Park did not require Fox Park to reimburse Robinson. We agree.

 In reviewing the trial court's decision, we defer to its factual findings. Under the trial court's findings, the only possible theory of liability for Robinson would have been negligence for failing to produce a copy of the utility plans. Trial court opinion 12/16/93 at 5; appellant's brief at 15. The trial court did not determine whether Robinson was under any duty to produce these plans, but only stated that trial testimony on this issue differed. *Id.* If we could be certain that Robinson was not negligent for failing to produce the plans, our inquiry would end. Fox need not indemnify Robinson's settlement payments if Robinson was never liable to anyone in the first place. *See Martinique Shoes, Inc. v. New York Progressive Wood Heel Co.,* 207 Pa.Super. 404, 408, 217 A.2d 781, 783 (1966) (party which settles claims and then seeks indemnification must be able to prove its liability and the reasonableness of its settlement payments). Robinson could only blame itself for leaping to settle despite its own non-liability.

So like the trial court, we will suppose *arguendo* that Robinson was negligent. The question now becomes whether Fox Park is obliged to indemnify Robinson pursuant to their signaling system contract. This contract deals only with

Robinson's duty to install and maintain the signaling system; it requires Fox Park to maintain the underlying sprinkler system. It contains an indemnification clause of remarkable breadth:

[FOX PARK] agrees to indemnify ROBINSON and hold ROBINSON harmless from and against all claims, demands, liabilities, damages, losses, expenses and law suits which may be asserted against ROBINSON by any person not a party to this agreement **for the installation, maintenance, operation or non-operation of the Signaling System** or the sole or joint or several negligent conduct of ROBINSON or ROBINSON's agents, servants or employees, including the payment of all damages, expenses, costs, or attorney's fees, whether these claims, demands or law suits be based upon alleged sole, joint, or several active or passive negligence, or strict liability or product liability or any other theory of responsibility on the part of ROBINSON's agents, servants, or employees.

R. 60 (emphasis added).

■ Taken literally, this clause would constitute a policy of comprehensive liability insurance, since it would require Fox Park to indemnify Robinson for any act of negligence whatsoever. Our law, however, requires us to narrowly interpret indemnity provisions, in light of the parties' intentions as evidenced by the entire contract. *First National Bank of Spring Mills v. Walker*, 289 Pa. 252, 137 A. 257 (1927); *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 588 A.2d 1 (1991).

■ The trial court concluded that this indemnity provision was so broad as to render it unenforceable. Trial court opinion 12/16/93 at 8; appellant's brief at 18. We hesitate to go so far. It is precisely because courts so disfavor indemnity contracts that those who seek indemnity must draft broadly, lest our narrow interpretations deny them the sought-after indemnity. *See Husak v. Berkel*, 234 Pa.Super. 452, 341 A.2d 174 (1975). It would be capricious to only enforce those indemnity contracts which are drafted with just the right

scope, and reject anything else that we feel is the slightest bit too narrow or too broad.

■ The trial court also held that if this indemnity provision were enforceable, it would not cover Robinson's averred negligence in this case. The contract is entirely about the installation and maintenance of Robinson's signaling system; the operation and maintenance of the sprinkler system is left to Fox Park. The contract by no means requires Robinson to produce a copy of the underground utility plans when asked, or implies the slightest obligation upon Robinson in connection with the water main which broke during excavation. Even if Robinson should have produced a utility plan before excavation began, Robinson's failure to do so is well beyond the scope of this contract and, thus, cannot trigger Fox Park's duty to indemnify Robinson under it. To hold otherwise would make Fox Park liable for any act of negligence by Robinson whatsoever, which our indemnification laws will not allow.

We therefore agree that the trial court properly denied Robinson's motion for indemnification on this basis. Trial court opinion 12/16/93 at 9–10; appellant's brief at 19–20.

Order affirmed.

TAMILIA, J., concurs in the result.