COMMONWEALTH of Pennsylvania,

v.

Philip S. BEACHEY, Appellant.

Superior Court of Pennsylvania.

Argued June 17, 1997.
Filed Aug. 1, 1997.

Philip S. Beachey, Pro Se.

William I. Gabig, Assistant District Attorney, Carlisle, for Commonwealth, Appellee.

Before TAMILIA and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

TAMILIA, Judge.

Philip Beachey, pro se, appeals his judgment of sentence of $25 plus costs of prosecution. Appellant, who repeatedly flashed his high beams within 50 feet of oncoming vehicles in order to warn them of a police radar unit, was found guilty in a bench trial for violating the Vehicle Code, 75 Pa.C.S. § 4306 **Use of multiple beam road lighting equipment,** "Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, the driver shall use the low beam of light." Id., § 4306(a) **Approaching an oncoming vehicle.**

Appellant's principal argument is that he merely "flashed" his high beams within 500 feet of oncoming traffic, while the statute only forbids the "use" of high beams within 500 feet of oncoming traffic and says nothing about "flashing" high beams on and off. According to Black's Law Dictionary (5th ed., p. 1381), however, to "use" means "[t]o make *use* of, . . . to avail one's self of, to employ." By flashing his high beams on and off, appellant clearly "made use of" his high beams, "availed himself" of his high beams, and "employed" his high beams each time he "flashed" them.

Appellant further claims the evidence was insufficient as a matter of law to support his conviction. However, the trial court found the Commonwealth proved beyond a reasonable doubt that appellant repeatedly used his high beams. When reviewing the decisions of a Court of Common Pleas, the Superior Court will defer to that court's findings of fact. *Fox Park Corp. v. James Leasing Corp.,* 433 Pa.Super. 505, 641 A.2d 315 (1994). Having reviewed the evidence in the light most favorable to the Commonwealth, we note that appellant himself admitted, "I did flash my headlights on and off a number of times, it easily could have been ten, probably was a few more." (T.T., 10/1/96, pp. 12–13.) He also stated "It was a low beam going into high and back to low. . . ." (T.T. at 15), thus confirming the trial court's finding.

While the statutory intent of section 4306(a), was to prevent the use of high beams in a range of distance between oncoming vehicles which would disturb or momentarily blind the driver of the vehicle facing the one with the high beams in play, intent is not a cognizable element of the offense. Neither is length of time of exposure or "flashing" of the high beams a consideration. We are well aware of the benign use of "flashing" of high beams to alert oncoming motorists that their lights are *not* on in darkness, or that a passing vehicle is in a safe position to move from a passing lane to the right lane, however, the Motor Vehicle Code makes no exceptions in establishing the violation. It is very unlikely that persons would be stopped in these instances or that they would be cited if pulled over. Indeed, in this case, it appeared that appellant would not have been cited but only given a warning had he not vigorously protested the stop. Since exceptions may have the effect of vitiating a rule which in simple application has a very important public safety application, we believe it is better for the legislature to evaluate the need and circumstances of application of such exceptions, rather than imposing them by judicial decision. As it is, the decision as to when and under what circumstances the citation is to be given permits considerable discretion by the police and, in view of the fact this is an issue of first impression in that there is no appellate case which has come to our attention that involves a similar factual situation, it is an indication police *are* exercising appropriate discretion.

For the foregoing reasons, we find appellant's claim to be without merit and affirm the judgment of sentence.

Judgment of sentence affirmed.

HUDOCK, J., files a dissenting statement.

HUDOCK, Judge, dissenting.

Because I believe 75 Pa.C.S.A., section 4306 applies only to periods of diminished light conditions, and not to daylight conditions as existed in the instant case, I must respectfully dissent.

Section 4302(a) of the Motor Vehicle Code provides:

> **§ 4302. Periods for requiring lighted lamps**
>
> **(a) General rule.**—The operator of a vehicle upon a highway shall display the lighted head lamps and other lamps and illuminating devices required under this chapter for different classes of vehicles, subject to exceptions with respect to parked vehicles, at the following times:
>
> (1) Between sunset and sunrise.
>
> (2) Any time when, due to insufficient light or unfavorable atmospheric conditions, including rain, snow, sleet, hail, fog, smoke or smog, persons and vehicles on the highway are not clearly discernible to the operator for a distance of 1,000 feet ahead.

75 Pa.C.S.A. § 4302(a).

Since the alleged violation here occurred at midday and the Commonwealth did not establish that atmospheric conditions limited visibility to less than 1,000 feet, the provisions of 75 Pa.C.S.A., section 4306, regulating the use of headlight beams within 500 feet of an approaching vehicle have no application.

To read the provisions of section 4306 without reference to section 4302, as the majority does, results in a rather odd mandate of section 4306(a) that a driver must turn on his low beams when within 500 feet of an approaching vehicle even at midday under a blazing August sun, for the section states that the driver "shall" do so. Obviously, the legislature could not have intended such a strange result.

While Appellant's purpose in flashing his lights—warning other motorists of the presence of a police radar unit—may not be commendable, he was not charged with any sort of obstruction of justice or hindering law enforcement. I would reverse his conviction and order his discharge.