**Commonwealth v. Alvarez**

C.P. of Berks County, No. 0945-2013

*Chris Mandraccia*, for Commonwealth.
*James M. Polyak*, for defendant.

BOCCABELLA, *J.*, December 4, 2013—

### FINDINGS OF FACT

1. On January 27, 2013 at approximately 1:19 A.M. The defendant was traveling on the 400 block of N. 9th St. Reading, Pa. Berks County

2. Officer Dennis Miller was stationary at the 500 block

of N. 9th St.

3. While standing outside assisting other officers in a prior dispatch, Officer Miller observed a silver Hyundai Elantra approaching with his high beams activated. While the vehicle was passing, Officer Miller signaled the defendant to stop.

4. When the defendant pulled over, Officer Miller noticed the high beam indicator was illuminated and asked the defendant to deactivate his high beams. The defendant fumbled around to turn off the high beams. During this time Officer Miller noticed the defendant's eyes looked "tired and squinted."

5. Officer Miller saw, in plain view, inside the driver side area, what seemed to be a partially smoked "blunt" in the door handle of the vehicle. He also saw a clear sandwich bag containing what Officer Miller suspected to be rock cocaine.

6. Officer Miller asked the defendant to step out of the vehicle. He searched the area and located one (1) cherry and one (1) grape packets of suspected synthetic marijuana with $240.00 dollars sitting in the center console.

7. Officer Miller asked the defendant to perform a series of SFST's. The defendant consented and failed all tests given to him.

8. Officer Miller placed him under arrest for suspicion of DUI and he was transported to the St. Joseph's Hospital to have his blood drawn.

## CONCLUSIONS OF LAW

1. "Where a defendant files a motion to suppress, the burdens of production and persuasion are on the Commonwealth to prove the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. West*, 834 A.2d 625 at 629 (Pa. Super. 2003), citing *Commonwealth v. Wilmington*, 729 A.2d 1160 (Pa. Super. 1999); *See also* Pa.R.Crim.P. 581(H).

2. Section 6308(b) of the Vehicle Code provides:

Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has *reasonable suspicion* that a violation of this title is occurring or has occurred, he may stop a vehicle upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. §6308(b) (Emphasis added).

3. "Thus, when an officer has reasonable suspicion a violation of the Vehicle Code is occurring or has occurred, he may interrupt the privileged operation of a vehicle on the public highways and stop the vehicle for the investigative purposes stated therein." *Commonwealth v. Chase*, 960 A.2d 108, 112 (Pa. 2008) citing 75 Pa. C.S.A. §6308(b).

4. "To establish grounds for 'reasonable suspicion'... the officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot

and the person he stopped was involved in that activity." *Commonwealth v. Little*, 903 A.2d 1269, 1272 (Pa. Super. 2006) citing *Commonwealth v. Bennet*, 827 A.2d 469, 477 (Pa. Super. 2003) (citing *Commonwealth v. Cook*, 558 Pa.50, 735 A.2d 673, 676 (1999)).

5. "In order to determine whether the police had a reasonable suspicion, the totality of the circumstances-the whole picture-must be considered." *In the Interest of D.M.*, 781 A.2d 1161, 1163 (Pa.2001) citing *United States v. Cortez*, 449 U.S. 411, 417 (1981).

6. In making this determination, we must give "due weight...to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." *Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa.1999) quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

7. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "[e]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa.1999) quoting *Terry v. Ohio*, 392 U.S. 1, 22 (1968).

8. "Reasonable suspicion sufficient to stop a motorist must be viewed from the standpoint of an objectively reasonable police officer." *Commonwealth v. Chase*, 960 A.2d 108, 120 (Pa. 2008) citing *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

9. "While it is argued the lesser standard [reasonable suspicion] will allow a vehicle stop to be made based on pretextual motives, the United States Supreme Court

made clear that case law 'foreclose[s] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved.'" *Commonwealth v. Chase*, 960 A.2d 108, 120 (Pa. 2008) citing *Whren v. United States*, 517 U.S. 806, 813 (1996); *See also Commonwealth v. Foglia*, 979 A.2d 357, 361-62 (Pa. Super. 2009) (Stating that observations made after the officer intends to stop the defendant can be used to support their actions).

10. Section 4306(a) of the Vehicle Code provides:

§4306. Use of multiple-beam road lighting equipment.

(a) Approaching an oncoming vehicle. — Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, the driver shall use the low beam of light.

11. "[I]t is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented." *Commonwealth v. Santiago*, 980 A.2d 659, 664 (Pa. Super. 2009); *See also Commonwealth v. Costa-Hernandez*, 802 A.2d 671, 675 (Pa. Super. 2002); *See also Commonwealth v. Quiles*, 619 A.2d 291, 292 (Pa. Super. 1993) citing *Commonwealth v. Smith*, 577 A.2d 1387, 1388 (Pa. Super. 1990).

12. In *Commonwealth v. Beachey*, 698 A.2d 1325, the purpose of the Vehicle Code provision requiring drivers to "use" low beams of their headlights when approaching *oncoming vehicles* within 500 feet, was to prevent use of high beams in range of distance between oncoming vehicles which would disturb or momentarily blind driver of *vehicle facing one* with high beams in play. In this

situation Officer Miller testified that the reason why he pulled over the defendant was because his "high beams" were activated. At the moment Officer Miller noticed the high beams, he was "motionless" outside of his patrol car.

Therefore, Officer Miller vehicle was not an oncoming vehicle facing the defendant. Officer Miller testified that all of the officer patrol cars were parked, and standing next to their vehicles. "The plain legislative intent of *section 4306(a)* was to prevent motorists from *facing excessive* glare, so as to reduce the obvious safety hazard not to cause accidents" *Kazan v. Wilkes-Barre Ry. Corp.*, 32 A.2d 32, 347 Pa. 232, Sup.1943. As you can see all of the officer vehicles were stationary and double parked. Officer Miller testified he could clearly see the defendant's vehicle and nothing obstructed his view. The defendant's high beams did not hinder his duties. This statute is designed for "moving vehicles" *not* pedestrians. Also, Officer Miller testified that there were no other vehicles in the vicinity, and he did not see any oncoming traffic facing the defendant while his high beams were on within 500 feet of any vehicle. If anything, the defendant's use of his high beams were warranted for the safety of (the officers) pedestrian considering it was dark (at 1:20 A.M.).

The evidence presented is not sufficient to establish reasonable suspicion to support a lawful stop. Furthermore, Officer Miller testified that the only reason he stopped the defendant, was for his high beams, however, out of all of the pending charges, the defendant was '*never*' charged with §4306 Use of multiple-beam road lighting equipment. While charging the defendant is not necessary, the lack of such charge reinforces this court's view of the situation

regarding reasonable suspicion for the stop. Based on the totality of the circumstances, the court finds that the Commonwealth has not met its burden in establishing reasonable suspicion for the vehicle stop. The court finds that the asserted ground for initiating the stop was merely pretextual and not the result of an observation of a violation of the Motor Vehicle Code. Based on all of the foregoing, this court holds that the vehicle stop occurred in violation of the defendant's constitutional rights. Accordingly, any evidence derived from the stop is inadmissible as fruit of the poisonous tree.

13. The defendant's Motion for Suppression of the Evidence is granted.

14. "In evaluating an accused's entitlement to pre-trial habeas corpus relief, a trial court must determine whether there is sufficient evidence to make out a prima facie case that the defendant committed the crime with which he or she is charged." *Commonwealth v. Hock*, 728 A.2d 943, 945 (Pa. 1999); *See generally Commonwealth v. Rachau*, 670 A.2d 731, 733 n.5 (Pa. Commw. 1996) citing *Commonwealth v. Kowalek*, 647 A.2d 948, 949 (Pa. Super. 1994).

15. "A *prima facie* case of defendant's guilt exists, so as to satisfy Commonwealth's burden at pre-trial stage of criminal prosecution, when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003) citing *Commonwealth v. McBride*, 595 A.2d 589, 591 (Pa. 1991) (citing *Commonwealth v. Wojdak*, 466 A.2d 991

(Pa. 1983)).

16. "The evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to go to the jury." *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001).

17. "In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Schmohl*, -- A.2d ----, 2009 WL 1451451, filed May 26, 2009.

18. "[I]nferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case." *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001) quoting *Commonwealth v. Owen*, 580 A.2d 412, 414 (Pa. Super. 1990).

19. In this case, having already determined that the vehicle stop is illegal, the court finds that the Commonwealth has presented insufficient evidence to establish a *prima facie* case with respect to all counts.

20. The defendant's Petition for Writ of Habeas Corpus is granted.

## ORDER

And now, this 4th day of December 2013, it is hereby ordered that the defendant's Motion for Suppression of the Evidence is granted. It is further ordered that the defendant's Petition for Writ of Habeas Corpus is granted with respect to all counts.