J-A31008-17
J-A31009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES D. FLICK AND JOHN FLICK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM SALERNO AND JOANNE | : | No. 1966 EDA 2016 |
| SALERNO, H/W AND RUSSELL W. | : | |
| PHIFER, WC ENVIRONMENTAL LLC | : | |
| AND NATIONWIDE MUTUAL | : | |
| INSURANCE CO., NATIONWIDE | : | |
| PROPERTY & CASUALTY INSURANCE | : | |
| COMPANY, AND NATIONWIDE | : | |
| CORPORATION  AND WILLIAM PACE | : | |
| AND W.J. PACE & ASSOCIATES, INC. | : | |

Appeal from the Order June 3, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2014 CV 002959

| | | |
|---|---|---|
| JAMES D. FLICK AND JOHN FLICK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM SALERNO AND JOANNE | : | No. 551 EDA 2017 |
| SALERNO, H/W AND RUSSELL W. | : | |
| PHIFER, WC ENVIRONMENTAL LLC | : | |
| AND ANTHONY G. NAAB AND | : | |
| NATIONWIDE MUTUAL INSURANCE | : | |
| CO., NATIONWIDE PROPERTY & | : | |
| CASUALTY INSURANCE COMPANY, | : | |
| ANDNATIONWIDE CORPORATION | : | |
| ANDWILLIAM PACE AND W.J. PACE & | : | |
| ASSOCIATES, INC. | : | |

Appeal from the Judgment Entered February 7, 2017

J-A31008-17
J-A31009-17

In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2014 CV 002959

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 11, 2018**

In this case, the trial court entered a string of orders granting summary judgment on James and John Flick's claims for indemnification for the costs to remediate groundwater pollution emanating from their property at 15-20 S. Pennell Road in Lima, Pennsylvania ("the Property"). The Flicks' complaint asserted each defendant was required to indemnify the Flicks for costs incurred in remediating pollution on the Property. The Flicks agreed to pay these costs after a neighboring landowner sued them. They contend the court erred in granting summary judgment to each defendant, and further, that the court erred in subsequently awarding attorney's fees and costs to the Salernos pursuant to the Clean Streams Law ("CSL"), 35 P.S. §§ 691.1-691.1001.[1]

After careful review, we conclude the court properly found the Flicks had filed their claims outside the statutory limitations period. Furthermore, we conclude the court did not err in awarding fees and costs to the Salernos under the CSL, as the Flicks' complaint included a claim for indemnity under the CSL. We therefore affirm.

_____

* Former Justice specially assigned to the Superior Court.

[1] Because the facts and procedural history of both appeals are substantially similar, we have consolidated these appeals *sua sponte*.

- 2 -

We glean the following recitation of the history of this case from the certified record. Except where noted, it is largely undisputed by the parties.

The Property houses a small strip mall. The Salernos originally leased space on the Property to operate an automobile repair business, Penn Jersey Auto. Also in the strip mall was Lima Dry Cleaners. In 1985, the Salernos purchased the Property, and continued to lease the remaining spaces in the mall to other businesses, including the dry cleaner.

In 1998, the Flicks desired to acquire a third location for their automobile repair business, Qyst Automotive. Appellees, William J. Pace and W.J. Pace & Associates, Inc. (collectively, "Pace"), brokered a deal between the Flicks and the Salernos. With Pace representing both sides, the Flicks agreed to purchase the Property for 1.3 million dollars.

In the agreement of sale, the Salernos represented that they had "no knowledge that there [had] been any prior use of the property for the storage or dumping of industrial, chemical, hazardous or toxic waste or materials" at the Property. Furthermore, they disclosed that "except for hydraulic lift leakage, incidental small spillages of petroleum products on occasion in the course of servicing vehicles, there [had] been no discharge, spillage, seepage, or filtration … of oil, petroleum or any hazardous substance" at the Property.

Furthermore, the agreement made the sale contingent upon an environmental inspection of the property. Pursuant to Pace's

recommendation, the Flicks hired Appellees Russell Phifer and WC Environmental, LLC, to perform the inspection.

Phifer issued a report noting several areas of concern due to the historical operation of Penn Jersey Auto. However, he indicated that a test designed to measure the presence of waste products from automobile repair businesses revealed no cause for concern. Phifer's report did not explicitly address any concerns arising from the operation of Lima Dry Cleaners, other than a note that the business was using a "proprietary petroleum hydrocarbon solvent in a closed loop system" at the time of the report. The report concluded that there was no issue with pollution associated with the property.

The sale was consummated in October 1998. The Flicks contracted with Appellee, Anthony Naab, to insure the Property. Naab was employed as an insurance agent for Appellee Nationwide Insurance Company and had been the Flicks' agent for many years. Naab inspected the property and provided a detailed insurance application to Nationwide's underwriter. The policy the Flicks ultimately obtained from Nationwide contained an exclusion for pollution caused by, among others, dry cleaners.

In 2003, the Flicks received a letter from Wawa, Inc. Wawa indicated it had performed a groundwater test on a neighboring property ("the Wawa Property") on which it operated a convenience store under a lease. Wawa claimed the groundwater test revealed "volatile organic compounds ('VOCs') in the groundwater" including "TCE and PCE, products used in dry cleaning,"

coming from the Property. These pollutants were found on the Wawa Property in concentrations exceeding Pennsylvania regulations. Wawa requested that "the Flicks and Lima Cleaners immediately take any and all necessary actions, at their sole cost and expense, to remedy" the groundwater pollution coming from the Property.

In other correspondence, Wawa indicated that it desired various other concessions from the Flicks, including use of an easement across the Property while relocating an easement on the Wawa Property to allow Wawa to build a new convenience store. The Flicks subsequently learned that Wawa had identified other neighboring properties as possible sources for the ground water pollution.

The Flicks notified Phifer of Wawa's pollution claims. An attorney for Phifer responded, noting that Phifer had not carried errors and omissions insurance in 1998, and that he was currently "in effect, judgment proof." Phifer reiterated his support for his original report, and asserted that groundwater testing was not within the scope of his report.

The Flicks also notified the Salernos of Wawa's claims. The Salernos did not respond to the notice.

In 2005, Wawa filed suit against the Flicks and nine other parties associated with properties neighboring the Wawa Property. Wawa claimed the defendants were liable for remediation costs under the CSL and the

Pennsylvania Hazardous Sites Cleanup Act, 35 P.S. §§ 6020.101–6020.1305. In 2007, Wawa discontinued its action against all defendants but the Flicks.

The case then sat dormant for several years, as Wawa and the Flicks traded settlement proposals. Wawa steadfastly maintained that a modification of existing easements over the Property was a necessary component of any settlement agreement. The parties could not come to an agreement, and Wawa filed an active status certification in 2010. Thereafter, the trial court granted Wawa's request to commence drilling on the Property, both inside and outside the buildings, for testing purposes.

In a pre-trial statement, Wawa set forth its claim for damages. It sought nearly $500,000 in past costs, along with ongoing costs of $7,000 per month. The Flicks subsequently notified the Salernos, in writing, of the size of Wawa's claim and the Flicks' intention to seek indemnification under the property sales agreement. Ultimately, the Flicks settled the Wawa litigation by assuming responsibility for ongoing remediation on the neighboring property and paying Wawa an additional $200,000.

The Flicks subsequently filed the instant lawsuit, asserting claims under the agreement of sale, as well as professional negligence claims against parties connected with the sale. Shortly thereafter, the Flicks filed a second, independent suit, seeking damages from various neighboring landowners under the CSL. This second action is not currently before this Court.

All defendants filed for summary judgment on the Flicks' claims. The trial court granted summary judgment to every defendant through orders dated April 7, May 26, May 31, and June 2, 2016. The final order also granted the Salernos' request for legal fees and expenses under the CSL. The amount of fees and costs awarded to the Salernos was determined in an order dated January 30, 2017.

In the appeal docketed at 1966 EDA 2016, the Flicks challenge the trial court's grant of summary judgment to each defendant. In the consolidated appeal docketed at 551 EDA 2017, they again challenge the trial court's award of fees and costs under the CSL. In the 2017 appeal, the Flicks raise substantially the same arguments against the award of fees and costs under the CSL. We therefore will address the issues raised in the 2017 appeal in our analysis of the issues raised in the 2016 appeal.

We review a challenge to the entry of summary judgment according to the following principles:

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of

- 7 -

proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original).

The Flicks first argue the court erred in concluding the applicable statute of limitations barred their claims against every defendant. "[A] cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." ***Wilson v. El-Daief***, 964 A.2d 354, 361 (Pa. 2009) (citation omitted). Thus, in most situations, once the period prescribed by the applicable statute has passed, the plaintiff is barred from bringing suit. ***See***

***Gleason v. Borough of Moosic***, 15 A.3d 479, 484 (Pa. 2011).

The Flicks claimed the Salernos breached the agreement of sale by not indemnifying the Flicks for their settlement with Wawa. The trial court held they were required to file suit within four years of the date of the claimed breach. ***See*** 42 Pa.C.S.A. § 5525.[2] Based upon the undisputed facts of record, the court found the Flicks had not timely filed their breach of contract claims against the Salernos.

The Flicks concede they notified the Salernos of Wawa's claims by letter dated September 15, 2003. ***See*** Appellants' Brief in 1996 EDA 2016, at 21. In

---

[2] The Flicks do not contend the trial court erred in utilizing the four year statute.

this letter, the Flicks demanded the Salernos "defend and indemnify" them from Wawa's claims. Furthermore, they requested the Salernos "respond to our request in writing within ten (10) calendar days of your receipt of this letter." The Flicks concede the Salernos "did not respond [to this letter] in any fashion whatsoever." *Id*.

Thus, the Flicks were aware of the Salernos' refusal to honor the indemnification provision by the end of 2003 at the latest. *See Adamski v. Allstate Ins. Co*, 738 A.2d 1033, 1039 (Pa. Super. 1999) (finding appellant could have commenced an action against indemnifier when indemnifier indicated it would not defend appellant in pending litigation). The Flicks filed their complaint on April 1, 2014. Assuming a four year limitations period, the trial court did not err in granting summary judgment.

The Flicks argue their indemnification claim did not mature until the court entered judgment on Wawa's claims. They correctly argue that pure indemnification claims are not viable until the indemnitee makes payment on a judgment or settlement. *See McClure v. Deerland Corp.*, 585 A.2d 19, 22 (Pa. Super. 1991). However, the indemnification clause at issue here was not a pure indemnification clause; it also required the Salernos to defend the Flicks from pollution claims. Furthermore, this distinction was not lost on the Flicks. In their September 15, 2003 letter, they requested the Salernos defend them from Wawa's claims. Thus, when the Salernos refused to defend the Flicks,

they Flicks had notice that they had suffered an injury. The Flicks' first claim on appeal merits no relief.[3]

Next, the Flicks argue the trial court erred in awarding the Salernos fees and costs pursuant to the CSL. The CSL provides for fee shifting to any party when a court enters a final order in any order "brought pursuant to" the CSL. 35 P.S. § 691.601(g).

Here, the trial court awarded the Salernos attorney's fees and costs when it granted summary judgment. The Flicks contend their indemnification claim was not brought pursuant to the CSL, and thus, the court erred in awarding fees and costs under the CSL.

On its face, the Flicks' argument is compelling. However, it misrepresents the record. In their complaint, the Flicks assert a claim for statutory indemnification under the CSL.[4] Thus, the trial court's order granting summary judgment was, in part, a final order "brought pursuant" to the CSL.

_____

[3] As we conclude the trial court properly granted summary judgment on the Flicks' indemnification claims against the Salernos pursuant to the statute of limitations, we need not address the Flicks' second argument, wherein they contend the court erred in finding the Salernos disclosed all pollution issues they were aware of at the time.

[4] The Flicks' complaint contains a clearly recognizable typographical error. The Flicks provide the abbreviation "CSL" for the Clean Streams Law in addition to the abbreviation "HSCA" for the Hazardous Sites Cleanup Act. In the operative paragraph for their claim for Count XIV, INDEMNIFICATION, the Flicks request statutory indemnification "under SCL and/or HSCA." We can find no identification of the abbreviation SCL in the complaint. Furthermore, the close association with the HSCA indicates this is a reference to the CSL. Finally, the Flicks have not argued that "SCL" is a reference to some other statute.

The Flicks also contend the award of fees and costs under the CSL was inconsistent with the legislative intent of the CSL. They claim the award of costs of fees against plaintiffs, such as themselves, is contrary to the CSL's goal of "preventing, providing liability for, and collecting costs of cleanup of environmental pollution." Appellants' Brief in 1996 EDA 2016, at 39. They further argue the award of costs and fees under the CSL is inappropriate in the absence of bad faith conduct, and that the court erred in awarding costs and fees in the absence of a hearing. **See** Appellants' Brief in 551 EDA 2017, at 30-41.

The Flicks ask us to review the court's application of a statute, the CSL. We review these claims *de novo*. **See Reginelli v. Boggs**, 181 A.3d 293, 300 (Pa. 2018). Our goal "is to effectuate the intention of the General Assembly." **Id**. (citation omitted). "If the language of the statute is clear and unambiguous, we will not disregard it under the pretext of pursuing its spirit." **Dodson v. DeLeo**, 872 A.2d 1237, 1241 (Pa. Super. 2005) (citation omitted).

Here, the CSL is clear and unambiguous. Section § 691.601(g) of the CSL provides that a court may award costs and fees "to *any* party, whenever the court determines such award is appropriate." (emphasis supplied). The statute does not limit the receipt of costs and fees to *plaintiffs*; it clearly provides the award of fees to "any party."

And the statute does not condition the award of costs and fees upon a finding of bad faith. Rather, it provides that costs and fees may be awarded

"whenever the court determines such award is appropriate." ***Id***. Here, the court found the Flicks' contentions "frivolous and utterly superfluous to the issues in the case as well as arguably abusive of the [c]ourt in a spirit of bad faith," and that "their approach to this case" included using "the discovery process in a repetitively desultory manner to magnify the number of pleaded facts *ab initio* up until" appeal. Trial Court Opinion, filed 12/20/16, at 52. These findings are supported by the record. And they certainly support the court's award of fees and costs. The arguments presented by the Flicks cannot overcome the clear language of the statute, and therefore merit no relief on appeal.

The Flicks also argue the court erred in awarding fees absent a hearing. However, our review of the record reveals the court's award of $132,745.90 in fees is reasonable given the scope of the issues presented to the trial court and the extensive motion work involved. This issue merits no relief.

Next, the Flicks claim the court erred in granting summary judgment to the real estate agent, Pace, and the environmental engineer, Phifer. In an argument similar to their appellate claim regarding the Salernos, the Flicks contend their common law indemnity claim was not barred by the statute of limitations. They correctly note such claims do not mature until payment is made on a settlement or judgment.

Common law indemnity is only available to a plaintiff, who through no fault of his own, has been ordered to pay damages for the initial negligence

of another. *See MIIX Insurance Co. v. Epstein*, 937 A.2d 469, 472 (Pa. Super. 2007). Thus, in order to fit their claim into the definition of a common law indemnification claim, the Flicks would be required to prove that they paid damages to Wawa due to the initial negligence of Pace and Phifer.

In contrast, the Flicks' claim for indemnification is based upon their decision to settle Wawa's claims for pollution remediation. Clearly, if the Flicks' assertions are true, they themselves suffered damages due to the actions of Phifer and Pace. However, there is simply no evidence of record capable of linking the damages suffered by Wawa to the actions of Pace and Phifer. Neither Pace nor Phifer had any role in causing the pollution at issue. Rather, if the Flicks are believed, Phifer and Pace negligently caused damage to the Flicks by failing to alert the Flicks of the pollution.

The Flicks have attempted to recast their negligence claims into common law indemnity claims to avoid the statute of limitations. If countenanced, this maneuver would render statutes of limitation utterly irrelevant. The court properly rejected this ploy. The Flicks are due no relief on this argument.

Next, the Flicks claim the court erred in its application of the discovery rule to their tort and contractual claims. They contend they did not have notice of the injuries caused by the various defendants until they settled the Wawa litigation in 2012.

Here, the injury underlying the Flicks' claims is their purchase of the Property with no notice that it was polluted. Absent that purchase, the Flicks

would not have been a party to the Wawa litigation. Thus, under the general rule, the limitations period for the Flicks claims would have started upon the closing of the sale.

However, the discovery rule acts as an exception to the general rule. *See Fine v. Checchio*, 870 A.2d 850, 858 (Pa. 2005). Instead, in situations

> where the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations. To successfully invoke the discovery rule, a party must show the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause. A party fails to exercise reasonable diligence when it fails to make an inquiry when the information regarding the injury becomes available. Mistake, misunderstanding or lack of knowledge in themselves do not toll the running of the statute.

*Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 279 (Pa. Super. 2016) (internal citations and quotation marks omitted).

Reasonable, or due diligence, is an objective standard "but takes into account individual capacities and society's expectations of attention, knowledge, intelligence and judgment for citizens to protect their own interests." *Simon v. Wyeth Pharm., Inc.*, 989 A.2d 356, 365 (Pa. Super. 2009) (citation and internal quotation marks omitted).

> Therefore, when a court is presented with the assertion of the discovery rule[']s application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily a jury would decide it. Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his

> injury and its cause, the court determines that the discovery rule does not apply as a matter of law.

*Fine*, 870 A.2d at 858-859 (internal citations omitted).

> Nevertheless, the party asserting application of the discovery rule bears the burden of proof, and Pennsylvania courts have not hesitated, where appropriate, to find as a matter of law that a party has not used reasonable diligence in ascertaining his or her injury and its cause, thus barring the party from asserting his or her claim under the discovery rule.

*Gleason*, 15 A.3d 479, 485-486 (internal citations omitted).

Here, the court concluded the Flicks did not discover their injury until 2003, when Wawa informed them of its intention to file suit against them. The Flicks argue they were not aware of any injury at that time, as they could not ascertain whether Wawa's claims were true. However, this is not the correct formulation of the issue. At the very latest, the Flicks suffered an injury when Wawa filed suit against them. They were joined as defendants in a suit which could result in a verdict finding them liable to Wawa. The arguable fact that they believed they would not be found liable at the time does not alter their duty to exercise their rights to protect themselves should the litigation end in a result that differed from their beliefs.

Thus, the Flicks were aware of their injury by, at the latest, June 28, 2005, when Wawa filed suit. Even if the court had granted the Flicks a six-year limitations period for every claim against every defendant, the period would have expired on June 28, 2011, almost three years before the Flicks

filed suit. The court did not err in granting summary judgment on the Flicks'

remaining claims.

As none of the claims raised by the Flicks in either appeal merit relief,

we affirm in both appeals.

Order in 1966 EDA 2016 affirmed. Judgment in 551 EDA 2017 affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/18